IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Jane Doe, a minor individual,**
**and Angela Harrison, Jane Doe's mother,**
**as next friend of Jane Doe,**

      **Plaintiffs,**

**v.**                                                        Case No. 16-cv-2801-JWL

**USD No. 237, the Smith Center**
**School District, and Brock Hutchinson,**

      **Defendants.**

## MEMORANDUM & ORDER

In this lawsuit, plaintiffs assert that defendant USD No. 237, the Smith Center School District, violated Jane Doe's rights under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq. Plaintiffs also assert 42 U.S.C. § 1983 claims against both defendants. Specifically, plaintiffs contend that defendants violated Jane Doe's Fourteenth Amendment equal protection right to be free from sexual harassment in an educational setting and her Fourth and Fourteenth Amendment right to privacy in personal sexual matters. This matter is presently before the court on defendant Brock Hutchinson's motion to dismiss on the basis of qualified immunity (doc. 8). As explained below, the motion is granted in part and denied in part.

**Background**

In analyzing defendant Hutchinson's motion to dismiss, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to

the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). Consistent with this standard, the following well-pleaded allegations, taken from plaintiffs' complaint, are accepted as true. Defendant USD No. 237 is a Kansas school district located in Smith Center, Kansas. Defendant Brock Hutchinson is a teacher and coach, including an assistant coach for the football team, employed with the District at Smith Center High School. According to plaintiffs, the football program at Smith Center High School is the "fiber of the region's social fabric" and was featured prominently in the book *Our Boys: A Perfect Season on the Plains with the Smith Center Redmen*, written by a writer for the New York Times. Plaintiffs allege that football coaches at the high school, including defendant Hutchinson, are revered in the school and in the community.

In the fall of 2013, plaintiff Jane Doe moved to Smith Center and began attending Smith Center High School. Jane Doe dated a fellow student, who played football and also wrestled for defendant Hutchinson. Beginning in late December 2014, defendant Hutchinson began asking Jane Doe's boyfriend, in the presence of other District male students, about "what kind of sexual acts Jane Doe had performed." During that same time frame, during a gym class taught by defendant Hutchinson, a ball rolled between Jane Doe's legs, prompting defendant Hutchinson to state to the class "Don't worry about [Jane Doe]. She's used to having balls between her legs." Plaintiffs allege that defendant Hutchinson continued to make inquiries to Jane Doe's boyfriend in the presence of other male students about Jane Doe's sexual activities; began calling Jane Doe "dumb" in class; discouraged her from attending athletic events; glared at her in public; and, on one occasion, sat on her feet in an effort to get her to leave a wrestling match.

2

In January 2015, Jane Doe advised her mother, plaintiff Angela Harrison, about defendant Hutchinson's conduct.  Plaintiff Harrison contacted the superintendent of the District, the high school principal and defendant Hutchinson and asked them to stop defendant Hutchinson's harassment of Jane Doe.  Plaintiffs allege that defendant Hutchinson thereafter continued to make sexual comments about other female students in front of supervisors and students, including Jane Doe; spoke to students about his own sexual acts; and made sexually suggestive comments to female students.  According to plaintiffs, defendant Hutchinson, by way of example, boasted at school about "how many times he had talked female students into removing their shirts and engaging in activities only in their sports bras."   Plaintiffs allege that Jane Doe suffered retaliation from defendant Hutchinson's colleagues, District board members and District students after plaintiff Harrison's report, ultimately causing Jane Doe to transfer to an out-of-town high school in October 2016.

**Discussion**

Plaintiffs assert § 1983 claims against defendant Hutchinson in his individual capacity.  Plaintiffs allege that defendant Hutchinson's conduct toward plaintiff constituted sexual harassment thereby depriving her of the right to equal protection under the Constitution and that defendant Hutchinson violated Jane Doe's right to privacy by asking her boyfriend in the presence of other male students about Jane Doe's sexual activities.  Defendant Hutchinson moves to dismiss those claims on the grounds of qualified immunity.

The doctrine of qualified immunity shields government officials from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a

3

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In resolving a motion to dismiss based on qualified immunity, a court must consider "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). When determining whether qualified immunity applies, the court may choose which of the two prongs should be addressed first. *The Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016).

*Sexual Harassment*

Defendant Hutchinson first asserts that the comments and conduct attributed to him in the complaint, even if true, do not rise to the level of an equal protection violation. To establish an equal protection violation based on sexual harassment, plaintiffs must demonstrate that defendant Hutchinson's conduct was based on Jane Doe's sex and was sufficiently severe or pervasive as to interfere unreasonably with her school performance and create a hostile or abusive educational environment. *See Escue v. Northern Oklahoma College,* 450 F.3d 1146, 1157 (10th Cir. 2006). While plaintiffs' allegations could certainly be more detailed, the court believes that the allegations are sufficient to state a plausible claim against defendant Hutchinson for sexual harassment in violation of Jane Doe's equal protection rights.

In their complaint, plaintiffs allege one overtly gender-based comment that defendant Hutchinson directed to Jane Doe—that in December 2014, defendant Hutchinson stated during gym class that Jane Doe was "used to having balls between her legs." Plaintiffs further allege

4

that defendant Hutchinson made "sexual comments in front of supervisors and students, including Jane Doe, about other female students" and that defendant Hutchinson "routinely and openly" spoke to and about his female students in sexualized terms. Plaintiffs' complaint generally describes a sex-charged environment that defendant Hutchinson perpetuated by virtue of his position as a celebrated coach at the school. The remaining allegations concerning defendant Hutchinson's conduct toward Jane Doe describe gender-neutral acts and comments such as calling Jane Doe "dumb," glaring at her in public, and sitting on her feet during a wrestling match "in an effort to get her to leave a wrestling match." But gender-neutral harassment can support a finding of gender animus when that conduct is viewed in the context of other, overtly gender-discriminatory conduct, *see Bird v. West Valley City*, 832 F.3d 1188, 1205-06 (10th Cir. 2016). Thus, the allegations in plaintiffs' complaint, coupled with defendant Hutchinson's unique position of authority at the school and in the community as compared to the position of a young, female high school student, are sufficient at this juncture to state a plausible claim for actionable sexual harassment. *See Fye v. Oklahoma Corp. Commission*, 175 Fed. Appx. 207, 210 (10th Cir. Apr. 6, 2006) (sexual harassment constitutes equal protection violation if sufficiently severe or pervasive); *see also Jennings v. University of North Carolina*, 482 F.3d 686, (4th Cir. 2007) (in evaluating coach-on-student sexual harassment claim, relevant facts include age disparity; unique position of authority held by coach; deprivation of educational opportunities or benefits; and general atmosphere of hostility toward those of plaintiff's gender).[1] Defendant Hutchinson, then, is not entitled to qualified immunity on this basis.

---

[1] While plaintiffs allege that defendant Hutchinson engaged in other sexually inappropriate

The court also concludes that Jane Doe's right to be free from sexual harassment by a teacher or coach in the school environment was clearly established at the time of defendant Hutchinson's alleged conduct.  In *Starrett v. Wadley*, 876 F.2d 808 (10th Cir. 1989), the Tenth Circuit recognized a claim for sexual harassment under the equal protection clause.  *In Sh.A. ex rel. J.A. v. Tucumcari Municipal Schools*, 321 F.3d 1285, 1289 (10th Cir. 2003), the Circuit held that a reasonable teacher would have known by 1997 that sexual harassment which gives rise to a violation of equal protection in the employment context will also do so in the teacher-on-student context.  The court, then, flatly rejects defendant Hutchinson's assertion that the lack of case law specifically addressing facts analogous to this case entitles him to qualified immunity.  In short, plaintiffs' § 1983 equal protection claim is sufficient to survive defendant Hutchinson's claim of qualified immunity.

*Right to Privacy*

The court concludes that plaintiffs' complaint fails to state a plausible claim that defendant Hutchinson violated Jane Doe's constitutional right to privacy.  While the Tenth Circuit has clearly recognized an individual's right to privacy in personal sexual matters, it has done so only when the government or a public official has forced the plaintiff to disclose personal information or has invaded the plaintiff's medical records to discover such information.  *Eastwood v. Department of Corrections*, 846 F.2d 627, 631 (10th Cir. 1988) (constitutionally

---

conduct (e.g., that he "routinely" engaged in "sexualized conversation" with students and boasted about how many times he had talked female students into removed their shirts and engaging in activities only in their sports bras), the complaint does not allege that defendant Hutchinson directed any of this conduct at Jane Doe and it is unclear whether this conduct occurred in Jane Doe's presence.

protected right to privacy was implicated where plaintiff was forced to answer additional and unnecessary questions about personal sexual matters during investigation of her allegations of assault); *Lankford v. City of Hobart*, 27 F.3d 477, 479 (10th Cir. 1994) (there is "no question that an employee's medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection"). Plaintiffs do not allege that Jane Doe was forced to disclose personal sexual information or that defendant Hutchinson invaded her records to discover that information. Plaintiffs fail to cite to any case supporting a privacy violation under similar facts and the court's own research has uncovered no such cases. In fact, the only analogous case that the court has found held that no constitutional violation exists under such circumstances. *See Jennings v. University of North Carolina*, 482 F.3d 686, 702 (4th Cir. 2007) (no constitutional right to privacy claim exists under § 1983 where college coach asked plaintiff about her sex life; coach did not require plaintiff to disclose that information and did not invade her records to discover that information) (en banc); *Jennings v. University of North Carolina*, 444 F.3d 255, 280 (4th Cir. 2006) (forced disclosure is required to maintain § 1983 privacy claim based on personal sexual matters) (citing *Eastwood*, 846 F.2d at 631). Moreover, plaintiffs do not even allege that defendant Hutchinson asked Jane Doe about her sex life; they allege only that he asked her boyfriend about those matters. The facts, then, are even more attenuated than the facts rejected in *Jennings*, wherein the coach asked the plaintiff direct questions about her sex life. The court concludes, then, that plaintiffs have not stated a plausible § 1983 claim against defendant Hutchinson based on alleged privacy violations and he is entitled to qualified immunity on this claim. *See Estate of Redd ex rel. Redd v. Love*, ___ F.3d ___, 2017 WL 563064, at *5 (10th Cir. Feb. 13, 2017) (if court concludes that

7

no constitutional violation occurred, court need not address whether rights were clearly established).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Hutchinson's motion to dismiss (doc. 8) is **granted in part and denied in part** and defendants' motion to stay the case (doc. 11) is **denied**.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge