IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANE DOE, a minor individual, | ) | |
| and ANGELA HARRISON, Jane Doe's | ) | |
| Mother, as next friend of Jane Doe, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-2801-JWL-TJJ |
| | ) | |
| USD No. 237, THE SMITH CENTER | ) | |
| SCHOOL DISTRICT, and BROCK | ) | |
| HUTCHINSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Angela Harrison commenced this action, on behalf of her minor child under the

pseudonym Jane Doe, against USD No. 237, the Smith Center School District, and one of its

teachers and coaches, Brock Hutchinson. Plaintiffs assert claims for hostile educational

environment and retaliation against the School District, under Title IX of the Educational

Amendments of 1972,[1] and claims against the School District and Hutchinson, under 42 U.S.C. §

1983. This matter is before the Court on Plaintiffs' Amended Motion for Leave to Amend

Complaint (ECF No. 20) and Motion for Leave to Proceed by Pseudonym (ECF No. 36).

Defendants oppose both motions, arguing that the proposed amendment is futile and that Doe,

who has now reached the age of majority, has not demonstrated a need for privacy that

outweighs the public's interest in open court proceedings to support her request to continue

proceeding under a pseudonym.

As explained below, Plaintiffs' Amended Motion for Leave to Amend Complaint is

granted in part and denied in part. The Court concludes that it would be futile for Plaintiffs to

_____

[1] 20 U.S.C. § 1681 et seq.

amend their complaint to add their proposed claim for negligent supervision of children (Count VIII) against Defendant Hutchinson. The motion is otherwise granted. Doe's Motion for Leave to Proceed by Pseudonym is also granted.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2016, Plaintiffs submitted a five-page single-spaced letter titled "Notice of Claims Pursuant to K.S.A. 12-105b(d)" ("Notice") to the School District through its school board members and clerk.[2] The Notice includes five sections of information, which it indicates "the School District will need in order to review [Plaintiffs'] claims." One of those sections, titled "Concise statement of the factual basis of the claim," alleges a number of specific incidents of inappropriate conduct and statements, some sexual in nature, made by Hutchinson to or about Doe. The Notice states that Plaintiffs will assert seven causes of action against the School District under Kansas state law:  Invasion of Privacy, Negligent Supervision of Employees, Negligent Hiring of Employees, Negligent Retention of Employees, Respondeat Superior/Vicarious Liability for Employee Conduct, Negligent Infliction of Emotional Distress and Negligent Supervision of Children.

On November 1, 2016, the School District sent Plaintiffs a letter requesting additional information and documents to facilitate the School District's investigation. The letter requested a statement from Doe "administered under oath before a duly qualified reporter."[3] Plaintiffs did not respond with the documentation requested.

Plaintiffs filed their Complaint (ECF No. 1) on December 8, 2016.  In Paragraphs 57–59, Plaintiffs allege they had previously sent their Notice of Claims to the School District, placing it

---

[2] Notice, ECF No. 35.

[3] Nov. 1, 2016 letter, ECF No. 35-1.

on notice of the additional tort claims to be added by amendment after the Kansas Tort Claims Act period expired.

On January 19, 2017, Hutchinson filed a motion to dismiss Plaintiffs' claims against him. In their response in opposition to the motion, Plaintiffs indicated that upon expiration of the Kansas Tort Claims Act's 120-day waiting period, on or about February 14, 2017, they would seek leave to amend the complaint to include:

> causes of actions for Invasion of Privacy, Negligent Supervision of Employees, Negligent Retention of Employees, Respondeat Superior/Vicarious Liability for Employee Conduct, Negligent Infliction of Emotional Distress and Negligent Supervision of Children, as well as Kansas tort claims of Outrage and Negligent Supervision of Children against Defendant Hutchinson.[4]

On February 9, 2017, the School District sent Plaintiffs a second letter noting that Plaintiffs had not responded to the District's previous November 1, 2016 letter, but acknowledging the December 8, 2016 filing of this lawsuit alleging federal claims. The letter further stated, in pertinent part:

> Because the school district was not allowed to obtain a statement from your client and to complete its investigation into the matters set forth in the Notice of Claim in the time allowed by K.S.A. 12-105b, the school district has no choice but to consider your client's Notice of Claim to have been withdrawn and abandoned. Nothing in this letter should be construed as a denial of your clients' claims and you are certainly entitled to resubmit your claim within the time period allowed by law.[5]

On February 17, 2017, Plaintiffs filed a Motion for Leave to Amend Complaint (ECF No. 14) seeking to add five tort claims, pursuant to Kansas common law and/or the Kansas Tort Claims Act, against the School District and Hutchinson.

---

[4] Pls.' Mem. in Opp'n to Mot. to Dismiss at 2, ECF No. 12.

[5] Feb. 9, 2017 letter, ECF No. 35-2.

On March 2, 2017, District Judge Lungstrum granted in part and denied in part Hutchinson's motion to dismiss on the basis of qualified immunity.[6] The Court concluded that Hutchinson is not entitled to qualified immunity on Plaintiffs' § 1983 equal protection claim, but is entitled to qualified immunity on Plaintiffs' claim based upon violations of Doe's constitutional right to privacy.

On March 7, 2017, Plaintiffs withdrew their earlier motion to amend and filed the instant Amended Motion for Leave to Amend Complaint. Plaintiffs request leave under Fed. R. Civ. P. 15 to amend their complaint to add five Kansas state law tort claims against the School District and Hutchinson, and to add a new claim by Harrison for Title IX retaliation. On May 2, 2017, Doe filed her Motion for Leave to Proceed by Pseudonym. This case was reassigned to the undersigned Magistrate Judge on August 16, 2017.

## II.      LAW GOVERNING REQUESTS TO AMEND THE COMPLAINT

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[7] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[8] Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[9] A party is typically granted leave

---

[6] Mar. 2, 2017 Mem. & Order, ECF No. 17.

[7] Fed. R. Civ. P. 15(a)(1).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *Id.*

to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[10]

A proposed amendment is futile if the amended complaint would be subject to dismissal.[11] To survive a motion to dismiss, a complaint must present factual allegations that, when assumed to be true, "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

## III. LEGAL ANALYSIS OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED AMENDMENT OF THE COMPLAINT

### A. Compliance with the Notice Provisions of K.S.A. 12-105b

Defendants contend that Plaintiffs' proposed amendment is futile because Plaintiffs' October 12, 2016 Notice fails to comply with the notice requirements of K.S.A. 12-105b, such failure would deprive this Court of jurisdiction.

K.S.A. 12-105b(d) requires a person asserting a claim which could give rise to an action brought under the Kansas Tort Claims Act against a municipality or an employee of a

---

[10] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[11] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

municipality to file a written notice with the clerk or governing body of the municipality before commencing such action.[14] This notice must contain the following:

> (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.[15]

The statute further provides: "[i]n the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim."[16] The Kansas Supreme Court has described a "sufficient notice" as one that gives the municipality the information needed for a "full investigation and understanding of the merits of the claims advanced."[17] A notice is sufficient when it advises the municipality of the "time and place of the injury, affords the municipality an opportunity to ascertain the character and extent of the injury sustained, and allows for the early investigation and resolution of claim disputes."[18]

"The legislative intent of K.S.A. 12-105b is to insure that a municipality is made aware of a claim against it and that the municipality has ample time to investigate the claim before being sued on that claim."[19] Under K.S.A. 12-105b(d), a claimant may not commence an action "until

---

[14] K.S.A. 12-105a(a) defines "municipality" to include school districts.

[15] K.S.A. 12-105b(d), effective July 1, 2015.

[16] *Id.*

[17] *Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 865, 317 P.3d 782, 791 (2014).

[18] *Id.*

[19] *Shaffer v. City of Topeka*, 30 Kan. App. 2d 1232, 1235, 57 P.3d 35, 38 (2002).

after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first."

The notice requirements of K.S.A. 12-105b(d) are a condition precedent to bringing a tort claim against a municipality and must be pled in compliance with Fed. R. Civ. P. 9(c).[20] "If the statutory requirements are not met, the court cannot obtain jurisdiction over the municipality."[21]

### 1.    Tort Claims Against the School District

The School District argues that Plaintiffs' Notice is deficient because the factual allegations contained in it do not support the causes of action Plaintiffs seek to pursue, the injuries alleged, or the damages demanded. The School District also argues it was deprived of the opportunity to investigate the claims by Plaintiffs' refusal to provide the sworn statement and additional information requested in its November 1, 2016 letter.

Plaintiffs' five-page, single-spaced Notice included the following information set out in five enumerated sections: (1) The names and addresses of the claimants and claimants' attorneys; (2) A concise, but fairly lengthy and detailed statement of the factual basis of Plaintiffs' alleged claim(s), including specific months from January 2015 through June 2016, places, and circumstances surrounding a number of specific incidents of inappropriate conduct and/or statements, including some sexual in nature, made by Hutchinson to or about Doe; (3) The names and addresses of any public officers involved; (4) A concise statement of the nature and extent of injuries suffered, including a lengthy list of the particular types of injuries alleged (e.g. medically significant emotional distress, pain and suffering); and (5) A statement of the

---

[20] *Tucking v. Bd. of Comm'rs of Jefferson Cty.*, 14 Kan. App. 2d 442, 445, 796 P.2d 1055, 1057–58 (1990).

[21] *Myers v. Bd. of Cty. Comm'rs of Jackson Cty.*, 280 Kan. 869, 877, 127 P.3d 319, 325 (2006).

monetary amount being requested, itemized in four categories of expenses and damages. These sections mirror and comply with the five statutory notice requirements set out in K.S.A. 12-105b(d). Plaintiffs' Notice also includes additional information not expressly required by K.S.A. 12-105b(d), namely a list of the specific causes of action that Plaintiffs may assert under both Kansas law and federal law. Defendants' argument that Plaintiffs' proposed amendment would be futile because of their failure to comply with this statutory notice requirement with regard to the School District is rejected.

The Court also rejects Defendants' argument that Plaintiffs abandoned their claims when they did not respond to Defendants' request following receipt of the Notice for more information. Defendants have provided no controlling or persuasive authority for their argument. Plaintiffs' Notice did provide adequate notice of their claims against the School District and the statute does not require Plaintiffs to provide sworn statements for their notice to be sufficient. Finally, Plaintiffs filed their motion to amend to add these tort claims after expiration of the 120-day period provided under K.S.A. 12-105b(d).

The Court finds Plaintiffs' October 12, 2016 Notice provided proper and sufficient notice to the School District in compliance with K.S.A. 12-105b(d).

### 2. Tort Claims Against Hutchinson

Defendants argue that Plaintiffs' Notice refers repeatedly to claims against the School District but makes no mention of any claims against Hutchinson. The first sentence of the Notice states: "Please consider this letter as formal notice pursuant to K.S.A. 12-105b(d) of tort claims *asserted against USD 237*."[22] The Notice states that Doe "by and through her mother, will assert

---

[22] Notice, ECF No. 35 (emphasis added).

the following causes of action *against USD 237* under Kansas state law."[23] And, in the final sentence of the Notice, Plaintiffs "reserve their rights to pursue other claims they may have *against USD 237* [under] federal law."[24] Defendants contend, therefore, that Plaintiffs' Notice fails to comply with the statutory notice requirement relative to Hutchinson.

In December 2014, the Kansas Supreme Court overruled well-established Kansas case law that had interpreted K.S.A. 12-105b(d) to require claimants to give notice of claims against municipalities <u>and</u> municipal employees acting within the scope of their employment before commencing legal action.[25] In *Whaley*, the Kansas Supreme Court held that nothing in K.S.A. 12-105b(d) indicated that its requirements were meant to apply to anything other than lawsuits against municipalities themselves.

The Kansas legislature acted swiftly in response to *Whaley*, amending the statute in 2015 to expressly require that: "Any person having a claim against a municipality *or against an employee of a municipality* which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action."[26] The statute was also amended to clarify that "no person may initiate an action against a municipality *or against an employee of a municipality* unless the claim has been denied in whole or part."[27]

---

[23] *Id.* (emphasis added).

[24] *Id.* (emphasis added).

[25] *See Whaley v. Sharp,* 301 Kan. 192, 201, 343 P.3d 63, 69 (2014) (overruling *King v. Pimentel*, 20 Kan. App. 2d 579, 589, 890 P.2d 1217, 1225 (1995)).

[26] 2015 Kansas Laws Ch. 28 (H.B. 2246) (emphasis added). *See also Jackson v. City of Wichita, Kan.*, No. 13-1376-KHV, 2017 WL 106838, at *16 n. 44 (D. Kan. Jan. 11, 2017).

[27] K.S.A. 12-105b(d) (emphasis added).

Plaintiffs provided their Notice in October 2016, after the 2015 amendment to K.S.A. 12-105b. The Court finds that Plaintiffs' proposed claims for Invasion of Privacy (Count VI), Negligent Supervision of Children (Count VIII), Negligent Infliction of Emotional Distress (Count IX), and Outrage (Count X)[28] "could give rise" to an action brought under the Kansas Tort Claims Act. Therefore, Plaintiffs were required to provide notice to the School District and Hutchinson prior to commencing legal action, pursuant to K.S.A. 12-105b. Plaintiffs do not dispute this. Rather, they argue that their Notice named Hutchinson as the perpetrator and that they substantially complied with the statutory notice requirement.

It is true that K.S.A. 12-105b(d) explicitly requires only substantial compliance with its notice requirement. The Court thus must address the question of whether Plaintiffs' Notice constitutes sufficient notice under K.S.A. 12-105b as to Plaintiffs' claims against Hutchinson. "The legislative intent of K.S.A. 12-105b is to insure that a municipality is made aware of a claim against it and that the municipality has ample time to investigate the claim before being sued on that claim."[29] As noted above, a "sufficient notice" is one that gives the municipality the information needed for a "full investigation and understanding of the merits of the claims advanced."[30] A notice is sufficient when it advises the municipality of the "time and place of the injury, affords the municipality an opportunity to ascertain the character and extent of the injury sustained, and allows for the early investigation and resolution of claim disputes."[31]

---

[28] The Court does not read Plaintiffs' proposed First Amended Complaint to be asserting a claim for Negligent Supervision/Retention of Employees (Count VII) against Defendant Hutchinson.

[29] *Shaffer*, 30 Kan. App. 2d at 1235, 57 P.3d at 38.

[30] *Sleeth*, 298 Kan. at 865, 317 P.3d at 791.

[31] *Id.*

Notable, also, is the fact that in its 2015 amendment to K.S.A. 12-105b the legislature chose not to change the required contents of the statutory notice. If it had intended to do so, the legislature could easily have amended the statute to require the statutory notice to contain specific additional information regarding any claims against an employee of the municipality. Instead, the amended version of K.S.A. 12-105b(d) retains the same enumerated list of five categories of information that must be included in the notice.

As discussed earlier with regard to the School District, Plaintiffs' Notice includes the five categories of information required under K.S.A. 12-105b(d). It includes a factual statement replete with detailed factual allegations of inappropriate behavior by Hutchinson toward or related to Doe. Indeed, the Notice does portray Hutchinson as the "perpetrator" of the alleged bad acts. The Notice revolves around the alleged misconduct of Hutchinson and the damages Doe suffered as a result of that alleged misconduct. The Notice clearly gave the municipality the information necessary for a full investigation and understanding of the merits of the claims being asserted as to both the School District and Hutchinson. Reviewing the Notice carefully and keeping in mind K.S.A. 12-105b requires only substantial compliance, the Court concludes that the Notice provided sufficient notice, in compliance with the K.S.A. 12-105b(d), with regard to the tort claims Plaintiffs seek to assert against Hutchinson.

### 3.      Outrage Claim

Defendants next argue Plaintiffs should not be permitted to amend their complaint to add a state law claim for outrage (also known as intentional infliction of emotional distress) because it was not included in the list of seven causes of action in their Notice. Defendants contend Plaintiffs failed to present any facts that would support an outrage claim against either Defendant. Plaintiffs counter that nothing in K.S.A. 12-105b requires a claimant to spell out all

of its legal theories. They point out the Notice includes facts and a specific reference to a claim for negligent infliction of emotional distress, alleges that Doe suffered "medically significant emotional distress," and includes facts showing reckless disregard and conduct of an outrageous nature.

K.S.A. 12-105b, by its express terms, only requires notice of the "factual basis" for the claim; there is no requirement that the notice set forth in detail the legal theory behind the claim.[32] "Notice of the occurrence and facts surrounding the occurrence sufficient to provide the defendant with the ability to investigate the claim and determine the level of damages is required, rather than notice of the particular theories of liability to be pursued."[33] Plaintiffs were not required to expressly identify "outrage" as one of their causes of action in the Notice, rather they were required to set out a "concise statement of the factual basis" of their claims.

For purposes of their motion to amend, the Court finds the facts set out in the Notice provided sufficient notice that Plaintiffs might assert a claim for outrage.[34] Defendants have not shown that it would be futile for Plaintiffs to assert an outrage claim against the School District and/or Hutchinson based upon non-compliance with K.S.A. 12-105b.

### 4. Notice of Physical Injury

Defendants next contend it would be futile to allow Plaintiffs to amend to assert a negligence claim because the Notice makes no reference whatsoever to any alleged physical

---

[32] *Mick v. Brewer*, No. 93-1509-JTM, 1997 WL 225908, at *6 (D. Kan. Apr. 18, 1997).

[33] *Richard v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1278-MLB, 2012 WL 4794588, at *6 (D. Kan. Oct. 9, 2012) (quoting *Cannady v. Wichita Airport Auth.*, No. 95-1364-JTM, 1997 WL 86331, *12 (D. Kan. Feb. 21, 1997)).

[34] Plaintiffs also argued "the law is not entirely clear that an intentional tort, such as outrage, must be included in a Notice of Claim under K.S.A. 12-105b." (ECF No. 38, at 18). The Court need not reach this issue, given its finding that Plaintiffs' Notice does include sufficient facts to support their outrage claim for purposes of the statutory notice requirement.

injury and fails to present any facts that would place Defendants on notice that Plaintiffs suffered any sort of physical injury.  Plaintiffs respond that Kansas law permits recovery of damages for mental distress without physical injury in appropriate circumstances where the injurious conduct is wanton. In their Notice, Plaintiffs allege Hutchinson sat on Doe's feet, terrified her and caused her to suffer panic attacks in addition to medically significant emotional distress. They assert these statements are sufficient to put Defendants on notice of the wanton and reckless conduct of Defendant Hutchinson.

K.S.A. 12-105b requires that a notice of claim contain a "concise statement of the nature and extent of the injury claimed to have been suffered." The Notice states that Doe "suffered medically significant emotional distress, pain and suffering, future economic loss, medical expense, anger, humiliation, panic attacks, anxiety, and missed opportunities for a normal high school experience . . ." Although it has long been the rule in Kansas that no recovery is allowed for emotional distress caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff, this rule does not apply when the injurious conduct is willful or wanton or when the defendant acts with intent to injure.[35] Again, for purposes of their motion to amend, the Court finds the facts set out in the Notice provide sufficient notice of alleged willful or wanton conduct and injuries suffered by Doe (quoted above), even if not physical injuries, to substantially comply with the notice requirement of a "concise statement of the nature and extent" of Plaintiffs' injuries.

### 5.    Invasion of Privacy Claim

With respect to Defendants' argument that the Notice is insufficient to support an invasion of privacy claim, the Court notes that the Notice specifically lists a claim for "Invasion

---

[35] *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274, 662 P.2d 1214, 1220 (1983).

of Privacy." It further sets out a "concise statement of the factual basis" for the claim.

Defendants have not shown that it would be futile for Plaintiffs to assert an invasion of privacy

claim against the School District based upon non-compliance with K.S.A. 12-105b.

**B.      Sufficiency of Specific Claims Asserted in the Proposed First Amended Complaint**

Defendants also devote several pages of briefing to futility arguments based upon alleged

deficiencies in Plaintiffs' proposed First Amended Complaint.  First, they argue that physical

injury is an essential element of a claim for negligence under Kansas law, and Plaintiffs'

proposed amended complaint fails to allege that Doe sustained a personal injury. The Court

disagrees. Plaintiffs' proposed amended complaint alleges, "Defendants' negligent conduct was

the direct and proximate cause of Plaintiff's emotional distress, which required medical treatment,

and which was accompanied by or resulted in physical injuries to Plaintiff."[36] Additionally, the

proposed amended complaint includes allegations that Doe suffered "great pain in mind and

body," "physical manifestations of emotional distress," "medically significant emotional distress

accompanied by or resulting in physical injuries," and that Defendants' conduct was extreme,

outrageous, wanton and in reckless disregard for the rights and safety of Doe.[37]  As discussed

above, although Kansas law does not allow recovery for emotional distress caused by negligence

unless it is accompanied by or results in physical injury, this rule does not apply when the

injurious conduct is willful or wanton, or when the defendant acts with intent to injure.[38] The

Court finds Plaintiffs' proposed amended complaint includes sufficient allegations of injuries—

---

[36] *See* Proposed First Am. Compl., ECF No. 20-1, ¶¶ 158, 169.

[37] *See id.* at ¶¶ 54, 131, 132, 139, 140, 148, 149, 155, 157, 158, 159, 167, 168, 169, 170.

[38] *Hoard*, 233 Kan. at 274, 662 P.2d at 1220.

both physical injury and other injuries caused by Defendants' alleged willful, wanton, and reckless conduct—to permit amendment at this early stage of the proceedings.

Second, Defendants contend the purported allegations of negligent supervision of children in the proposed amended complaint fail to state a claim, because the pleading actually alleges the School District failed to properly supervise Hutchinson, not the student, Doe. Kansas courts have recognized a duty owed by a school district to its high school students "to properly supervise students and to take reasonable steps to protect students' safety."[39] The Court finds Plaintiffs' proposed amendment includes sufficient allegations of negligent supervision of children against the School District—for purposes of amendment under Fed. R. Civ. P. 15(a)(2)—based upon its alleged failure to properly supervise and protect Doe by failing to terminate, remove, and chaperone Hutchinson.[40] However, the Court finds Plaintiffs' proposed amendment does not include sufficient allegations of negligent supervision of children against Hutchinson—for purposes of amendment under Fed. R. Civ. P. 15(a)(2)—because the allegations as to Hutchinson either have nothing to do with the supervision of Doe[41] or in a bizarre twist allege Hutchinson's failure to control (i.e. supervise) himself.[42]  The Court concludes that it would be futile for Plaintiffs to amend their complaint to add their proposed claim for negligent supervision of children (Count VIII) against Hutchinson.

Third, Defendants argue that Plaintiffs' proposed amended complaint fails to state a claim for outrage. The Kansas tort of outrage requires proof that defendant (1) intentionally or in

---

[39] *Dunn v. Unified Sch. Dist. No. 367*, 30 Kan. App. 2d  215, 231, 40 P.3d 315, 326 (2002).

[40] *See* Proposed First Am. Compl., ECF No. 20-1, ¶¶ 142-145, 147.a.-e., and 148-149.

[41] *Id.*  at ¶ 146.a.

[42] *Id.* at ¶ 146.b.

reckless disregard of plaintiff (2) performed "extreme and outrageous" acts (3) that causally relate to plaintiff's (4) "extreme and severe" mental distress.[43] Reviewing Plaintiffs' proposed claim for outrage, the Court concludes that Plaintiffs have sufficiently pled each of these elements under the pleading standards set forth in *Twombly* and *Iqbal* and Plaintiffs have thus stated a claim for outrage. Plaintiffs allege Hutchinson intentionally sought to engage in outrageous conduct calculated to cause maximum emotional harm to Doe by following her into a store to intimidate her, sexually harassing her in gym class, intimidating her at athletic events, and inquiring of her personal sexual history from other male students. Plaintiffs also allege the School District intentionally sought to engage in outrageous conduct calculated to cause maximum emotional harm to Doe when School District employees, operating within their scope of employment, sought to intimidate, harass and retaliate against Doe. Plaintiffs further allege Defendants' conduct was extreme and outrageous, Hutchinson's conduct was within his scope of employment, and Hutchinson's conduct included physical contact with Doe. Finally, Plaintiffs allege sustained medically significant, extreme and severe emotional distress accompanied by or resulting in physical injuries, and that Defendants' conduct was the direct and proximate cause of Plaintiff's emotional distress, which required medical treatment and was accompanied by or resulted in physical injuries to Plaintiff Doe.

C.     Harrison's Standing

Defendants object that Harrison cannot continue to be a party-plaintiff in her own right because she does not have standing to pursue Title IX or Section 1983 claims. Thus, it would be

---

[43] *Bolden v. PRC Inc.*, 43 F.3d 545, 553 (10th Cir. 1994) (applying Kansas law) (citing *Moore v. State Bank of Burden*, 240 Kan. 382, 388, 729 P.2d 1205, 1211 (1986)).

futile to grant Plaintiff Harrison leave to assert a Title IX retaliation claim against the School District.

Harrison maintains she has standing to bring a Title IX retaliation claim. She argues that by statute, regulation, and Supreme Court precedent, third parties subjected to retaliation for Title IX protected activity have standing and a right to bring a private retaliation action against a school district. She contends that, as a person subjected to retaliation by the School District for reporting Hutchinson's harassment, she has a right and standing to bring a Title IX retaliation claim.

To establish standing, Harrison must show (1) she suffered an "injury in fact—an invasion of a legally protected interest that is 'concrete and particular' and not merely hypothetical;" (2) that there is a "causal connection between the injury and the conduct complained of;" and (3) that it is likely "the injury will be redressed by a favorable decision."[44]

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[45] The United States Supreme Court recognized a cause of action for Title IX retaliation in *Jackson v. Birmingham Board of Education.*[46] The Court further held that the Title IX statute "is broadly worded; it does not require that the victim of the retaliation must also be the victim of the discrimination that is the subject of the original complaint."[47] In addition, the *Jackson* Court concluded that its prior

---

[44] *Silva v. St. Anne Catholic Sch.*, 595 F. Supp. 2d 1171, 1179 (D. Kan. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[45] 20 U.S.C. § 1681(a).

[46] 544 U.S. 167, 176 (2005).

[47] *Id.* at 179.

opinion in *Sullivan* "made clear that retaliation claims extend to those who oppose discrimination against others."[48]

The Court concludes that, for purposes of granting leave to amend the complaint, Harrison has asserted a viable standing argument to pursue her Title IX retaliation claim. In this case, Harrison's proposed claim alleges that she suffered her own injury in fact, namely that she had a right to be free of retaliation for reporting the harassment of her daughter to School District officials. The proposed First Amended Complaint includes allegations that School District officials retaliated against Harrison by making false, disparaging statements to her daughter and third parties about Harrison personally, including that she is a liar, she is litigious, and she was not looking out for her daughter; and by excluding her from school activities.

The Court has reviewed the cases cited by Defendants for the legal proposition that a parent has no standing to pursue a Title IX claim, and finds them neither binding nor persuasive authority. The cited cases are also distinguishable because in them the plaintiff either *conceded* the parent lacked standing or the case did not involve claims for Title IX retaliation. In the Sixth Circuit Court of Appeals case cited and relied upon by Defendants, *Phillips v. Anderson County Board of Education*,[49] the court noted in a footnote that plaintiff conceded on appeal that the district court correctly dismissed her father as a party when she attained the age of majority, because, as a parent, he lacked standing to assert a Title IX claim. But the Title IX claim upon which the plaintiff conceded her father lacked standing was not a Title IX retaliation claim.[50] The

---

[48] *Id.* (citing *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 237 (1969), *abrogated on other grounds*, *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017)).

[49] 259 F. App'x 842, 843 n.1 (6th Cir. 2008).

[50] *See Phillips v. Anderson Cty. Bd. of Educ.*, No. 3:06CV35, 2006 WL 3759893, at *8–14 (E.D. Tenn. Dec. 19, 2006), aff'd, 259 F. App'x 842 (6th Cir. 2008).

Court therefore concludes that Defendants have not shown it would not be futile for Plaintiff Harrison to amend her complaint to assert a Title IX retaliation claim at this point.

**D.  Supplemental Jurisdiction Over State Law Claims**

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' proposed state law claim. Plaintiffs disagree and ask the Court to exercise supplemental jurisdiction over the claims. They claim there is no question that a "common nucleus of facts" underlie Plaintiffs' federal and state law claims. They further point out that the proposed new Kansas Tort Claims Act causes of action and the outrage claim rely on the same background facts as alleged in the original complaint, with only minimal additions.

Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." "Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts."[51]  For purposes of ruling on the motion for leave to amend, the Court concludes it need not decide whether it will ultimately exercise supplemental jurisdiction over Plaintiffs' proposed state law claims and that issue should be determined by the District Judge at the appropriate time.

**E.  Request to Strike Allegations of the Proposed Amended Complaint**

Defendants move to strike several paragraphs of Plaintiffs' proposed amended complaint because they are "scandalous accusations that bear no relation to Plaintiff's claims" and raise matters that are immaterial, impertinent and irrelevant to the determination of the legal issues.

---

[51] *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000).

Plaintiffs argue that the challenged paragraphs contain allegations that are relevant and material to the claims, especially to her Section 1983 and Title IX claims.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike a pleading or part of a pleading under Rule 12(f), however, are disfavored as a drastic remedy and because they may often be made as a dilatory tactic.[52] A court should therefore "decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party,"[53] or when the allegations in a pleading are "entirely collateral and immaterial to the underlying claims."[54] However, "[w]here there is any doubt as to whether under any circumstance an allegation may raise an issue, the motion to strike should be denied."[55]

The Court has reviewed the challenged allegations in Plaintiffs' proposed amended complaint and does not find that they could have "no possible relation to the controversy" at issue or that those allegations are "entirely immaterial to the underlying claims" in this case.  The Court does not find the challenged paragraphs to be redundant, immaterial, impertinent, or scandalous. Defendants' request to strike the challenged paragraphs is therefore denied.

---

[52] *Salek v. Reload, Inc.*, No. 11-2585-SAC, 2012 WL 589277, at *6 (D. Kan. Feb. 22, 2012).

[53] *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2012 WL 4933314, at *3 (D. Kan. Oct. 16, 2012) (denying motion to strike several paragraphs of the complaint).

[54] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (denying motion to strike allegations in complaint).

[55] *Id.* at 1026.

## IV.     PLAINTIFF DOE'S REQUEST FOR LEAVE TO PROCEED BY PSEUDONYM

Doe has also filed a motion requesting leave to continue proceeding in this matter by the pseudonym "Jane Doe," even though she has now reached the age of majority. She bases her request on the what she claims are the deeply personal, private matters alleged in the complaint that occurred when she was a minor.

The privacy protections of Fed. R. Civ. P. 5.2(a) provide that court filings containing "the name of an individual known to be a minor" may include *only* "the minor's initials."[56] The advisory committee notes on the adoption of this Rule state that it was "derived from and implements the policy adopted by the Judicial Conference . . . to address the privacy concerns resulting from public access to electronic case files."[57]  Thus, because Doe was a minor at the time this action was commenced, Rule 5.2(a) required all court filings to refer to Doe by her initials rather than her name. Since Doe has attained the age of majority, the protections of Rule 5.2(a) no longer apply  and she must seek leave to continue proceeding in this case by pseudonym.

Proceeding under a pseudonym in federal court is, by all accounts, "an unusual procedure."[58] The Federal Rules of Civil Procedure do not contemplate the anonymity of parties.[59] To the contrary, Rule 10(a) requires that the title of a complaint "must name all the parties," and Rule 17(a) prescribes that an action be prosecuted "in the name of the real party in

---

[56] Fed. R. Civ. P. 5.2(a) (emphasis added).

[57] Fed. R. Civ. P. 5.2 advisory committee's note to 2007 adoption of Rule.

[58] *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998).

[59] *Id.* at 802.

interest." Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[60]

There is a substantial benefit to maintaining open court proceedings, and thus the public has an interest in knowing the identity of litigants.[61] However, like other courts, the Tenth Circuit has "recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings."[62] The Tenth Circuit adopted the following standard:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[63]

The Tenth Circuit also has "held that it is proper to weigh the public interest in determining whether some form of anonymity is warranted." If a court grants permission to proceed using a pseudonym, it is often with the requirement that plaintiff's real name be disclosed to defendants and the court but kept under seal thereafter.

In a recent case from this District, *Doe H. v. Haskell Indian Nations University*,[64] the court denied an adult female sexual assault victim's motion for leave to proceed under a pseudonym after a lengthy discussion of the issue. The plaintiff in that case brought claims for hostile educational environment under Title IX based upon allegations she was sexually

---

[60] *Id.* at 799 (review of a district court decision denying leave to proceed under a pseudonym pursuant to the abuse of discretion standard).

[61] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[62] *Id.*

[63] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[64] *Doe H. v. Haskell Indian Nations Univ.*, No. 16-2727-JTM, 2017 WL 3037541, at *7–10 (D. Kan. July 18, 2017).

assaulted by two male students at a dormitory.[65] The court concluded that the plaintiff failed to

overcome the presumption in favor of disclosure of a party's name and of the public's right of

access to judicial records.[66] The Court finds this case is distinguishable from *Haskell Indian*

*Nations University*, because all of the misconduct alleged in this case occurred while Doe was a

minor high school student and there are allegations in this case that the harassment of Doe

ultimately included harassment by members of the community. The Court finds this case is

factually much more similar to *J.B. v. Liberal School District, USD No. 480*,[67] in which the

minor student plaintiff's request to proceed under a pseudonym was granted early in the case. In

*J.B.*, the plaintiff, who "was at all relevant times a minor," sued the school district in which he

attended a small-town secondary school for allowing a coach with alleged dangerous

propensities to abuse children to use his role as a coach and youth mentor to sexually abuse J.B.

Without minimizing the importance of maintaining open court proceedings, the Court

determines under the specific and unique facts of this case that Doe should be permitted to

continue in this action under her pseudonym. The fact that Doe was a minor at all times material

to the allegations of the complaint is at the forefront of the Court's analysis. The allegations

involve matters of a highly sensitive and personal nature, which occurred while Doe was a minor

high school student. There is a potential danger of physical and emotional harm to Doe if her

identity is publicly disclosed in this lawsuit. In her original Complaint, Doe alleges that after her

first report of sexual harassment by Hutchinson, a popular football coach, she was subjected to

other retaliatory and intimidating actions by Defendants and other community members,

---

[65] *Id.* at *1.

[66] *Id.* at *10.

[67] No. 06-2359-MLB (D. Kan. Sept. 20, 2006).

including having her car tires slashed in the school parking lot. There is a risk that public disclosure of Doe's identity in this case might lead to further such incidents of retaliation and intimidation against Doe. She would be at risk for the injury litigated against (retaliation), and the possibility of resulting physical and/or emotional harm. On the other hand, Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity.  Nor does the Court see any benefit to the public from learning Doe's identity and associating her with any salacious details that may come out of this case. The Court therefore grants Plaintiff Doe's motion to continue proceeding in this action under the pseudonym "Jane Doe."

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Amended Motion for Leave to Amend Complaint (ECF No.  20) is granted in part and denied in part. The Court concludes that it would be futile for Plaintiffs to amend their complaint to add their proposed claim for negligent supervision of children (Count VIII) against Defendant Hutchinson. The motion is otherwise granted.  **<u>Within seven (7) days of the date of this Order</u>**, Plaintiffs shall electronically file their proposed First Amended Complaint, revised in accordance with the rulings in this Memorandum and Order and further revised to specify which specific Defendant(s) each cause of action is asserted against.

**IT IS FURTHER ORDERED THAT** the Plaintiff Doe's Motion for Leave to Proceed by Pseudonym (ECF No. 36) is granted.  Plaintiff Doe is granted leave to continue proceeding in this action under the pseudonym "Jane Doe."

Dated this 1st day of September 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge