5531.11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANE DOE and ANGELA HARRISON, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| vs. | ) | **Case No. 16-2801-JWL-TJJ** |
| | ) | |
| USD No. 237, THE SMITH CENTER | ) | |
| SCHOOL DISTRICT, *ET AL.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER OF DEFENDANT SMITH CENTER UNIFIED SCHOOL DISTRICT NO. 237 TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** Defendant Smith Center Unified School District No. 237, Smith County, Kansas ("USD No. 237") and submits its answer to Plaintiff's First Amended Complaint (ECF No. 42) as follows:

1. The allegations set forth in paragraph 1 of Plaintiffs' First Amended Complaint (ECF No. 42), Plaintiffs' assertion that she is seeking to pursue claims under Title IX of the Education Amendments Act of 1972, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments as well as Kansas common law claims to be asserted under the Kansas Tort Claims Act, K.S.A. § 75-6103, is not a factual allegation which lends itself to either an admission or denial. Defendant denies that Plaintiffs have a viable claim under either the statute or its regulations.

2. The allegations set forth in paragraph 2 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial. To the extent an admission or denial is required, Plaintiffs' allegations are denied.

1

3.      With regard to the allegations set forth in paragraph 3 of Plaintiffs' First Amended Complaint (ECF No. 42), Defendant admits that it is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-8201, *et seq.* Defendant further admits that it is a governmental entity which may be served with process in the manner set forth in K.S.A. 60-304(d).

4.      With regard to the allegations set forth in paragraph 4 of Plaintiffs' First Amended Complaint (ECF No. 42), Defendant admits only that it has employees and agents who carry out the operations of the school district.

5.      With regard to the allegations set forth in paragraph 5 of Plaintiffs' First Amended Complaint (ECF No. 42), Defendant admits that Brock Hutchinson is employed by Defendant as a teacher and coach. The remaining allegations purport to state a legal conclusion which does not lend itself to an admission or denial and to the extent an admission or denial is required, Plaintiffs' allegations are denied.

6.      The allegations set forth in paragraph 6 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial. To the extent an admission or denial is required, Plaintiffs' allegations are denied.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiffs' First Amended

Complaint (ECF No. 42), and therefore denies the same.

9.     Defendant objects and moves to strike the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

10.     Defendant objects and moves to strike the allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

11.     Defendant objects and moves to strike the allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

12.     Defendant objects and moves to strike the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

13.     Defendant objects and moves to strike the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

14.     Defendant objects and moves to strike the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).   To the extent a response is necessary to these allegations, they are denied.

15.     The allegations set forth in paragraph 15 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

16.     Defendant objects and moves to strike the allegations contained in

paragraph 16 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f). To the extent a response is necessary to these allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

17. Defendant objects and moves to strike the allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f). To the extent a response is necessary to these allegations, they are denied.

18. Defendant objects and moves to strike the allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f). To the extent a response is necessary to these allegations, they are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiffs' First Amended

Complaint (ECF No. 42), and therefore denies the same.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

26.    The allegations set forth in paragraph 26 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

27.    The allegations set forth in paragraph 27 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

28.    The allegations set forth in paragraph 28 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

31.    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 31 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

32.    The allegations set forth in paragraph 32 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

33.    The allegations set forth in paragraph 33 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

35.    The allegations set forth in paragraph 35 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

37.    The allegations set forth in paragraph 37 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

38.    With regard to the allegations set forth in paragraph 38 of Plaintiffs' First Amended Complaint (ECF No. 42), Defendant admits only that defendant Hutchinson is a current employee of the school district.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

40.    Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in paragraph 40 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

41.     The allegations set forth in paragraph 41 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

42.     The allegations set forth in paragraph 42 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

43.     The allegations set forth in paragraph 43 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

44.     The allegations set forth in paragraph 44 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

45.     The allegations set forth in paragraph 45 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

46.     The allegations set forth in paragraph 46 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

47.     The allegations set forth in paragraph 47 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

48.     The allegations set forth in paragraph 48 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

49.     The allegations set forth in paragraph 49 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

50.     The allegations set forth in paragraph 50 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

51.     The allegations set forth in paragraph 51 of Plaintiffs' First Amended

Complaint (ECF No. 42) are denied.

52.     The allegations set forth in paragraph 52 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

53.     The allegations set forth in paragraph 53 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

54.     The allegations set forth in paragraph 54 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

55.     The allegations set forth in paragraph 55 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

56.     The allegations set forth in paragraph 56 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

57.     Defendant objects and moves to strike the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

58.     Defendant objects and moves to strike the allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

59.     Defendant objects and moves to strike the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).

60.     The allegations set forth in paragraph 60 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

61.     With regard to the allegation set forth in paragraph 61 of Plaintiffs' First

Amended Complaint (ECF No. 42), Defendant admits that Defendant Hutchinson was employed as a certified Kansas school teacher.

62.     The allegations set forth in paragraph 62 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

63.     The allegations set forth in paragraph 63 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

64.     The allegations set forth in paragraph 64 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT I: *SIMPSON* TITLE IX HOSTILE EDUCATIONAL ENVIRONMENT

65.     Defendant incorporates by reference its responses to paragraph nos. 1-64 herein.

66.     The allegations set forth in paragraph 66 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

67.     The allegations in paragraph 67 of Plaintiffs' First Amended Complaint (ECF No. 42) are admitted.

68.     The allegations set forth in paragraph 68 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

69.     The allegations set forth in paragraph 69 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to

an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

70.     The allegations set forth in paragraph 70 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

71.     The allegations set forth in paragraph 71 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

72.     Defendant objects and moves to strike the allegations contained in paragraph 72 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).   To the extent a response is necessary to these allegations, they purport to state a legal conclusion which does not lend itself to an admission or denial and Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies the same.

73.     Defendant objects and moves to strike the allegations contained in paragraph 73 of Plaintiffs' First Amended Complaint (ECF No. 42) as being immaterial, and/or impertinent in violation of Fed. R. Civ. P. 8 and 12(f).   To the extent aa response is necessary to these allegations, they purport to state a legal conclusion which does not lend itself to an admission or denial and to the extent an admission or denial is required, Plaintiffs' allegations are denied.

74.     The allegations set forth in paragraph 74 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

75.     The allegations set forth in paragraph 75 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

76.     The allegations set forth in paragraph 76 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT II: *ESCUE* TITLE IX HOSTILE EDUCATIONAL ENVIRONMENT

77.     Defendant incorporates by reference its responses to paragraph nos. 1-76 herein.

78.     The allegations set forth in paragraph 78 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

79.     The allegations in paragraph 79 of Plaintiffs' First Amended Complaint (ECF No. 42) are admitted.

80.     The allegations set forth in paragraph 80 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

81.     The allegations set forth in paragraph 81 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

82.     The allegations set forth in paragraph 82 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

83.     The allegations set forth in paragraph 83 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

84.     The allegations set forth in paragraph 84 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

85.     The allegations set forth in paragraph 85 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

86.     The allegations set forth in paragraph 86 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

87.     The allegations set forth in paragraph 87 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

88.     The allegations set forth in paragraph 88 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

89.     The allegations set forth in paragraph 89 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT III: TITLE IX RETALIATION

90.     Defendant incorporates by reference its responses to paragraph nos. 1-89 herein.

91.     The allegations set forth in paragraph 91 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.  To the extent an admission or denial is required, Plaintiffs' allegations are denied.

92.     The allegations set forth in paragraph 92 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.  To the extent an admission or denial is required, Plaintiffs' allegations are denied.

93.     The allegations in paragraph 93 of Plaintiffs' First Amended Complaint (ECF No. 42) are admitted.

94.     The allegations set forth in paragraph 94 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

95.     The allegations set forth in paragraph 95 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

96.     The allegations set forth in paragraph 96 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

97.     The allegations set forth in paragraph 97 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

98.     The allegations set forth in paragraph 98 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

99.     The allegations set forth in paragraph 99 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

100.    The allegations set forth in paragraph 100 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

101.    The allegations set forth in paragraph 101 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT IV: TITLE IX RETALIATION
### Plaintiff Harrison v. Defendant District

102.    Defendant incorporates by reference its responses to paragraph nos. 1-101 herein.

103.    The allegations set forth in paragraph 103 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

104.   The allegations set forth in paragraph 104 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

105.   The allegations set forth in paragraph 105 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

106.   The allegations set forth in paragraph 106 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

107.   The allegations set forth in paragraph 107 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

108.   The allegations set forth in paragraph 108 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

109.   The allegations set forth in paragraph 109 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT V: SECTION 1983 EQUAL PROTECTION VIOLATION

110.   Defendant incorporates by reference its responses to paragraph nos. 1-109 herein.

111.   The allegations set forth in paragraph 111 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

112.   The allegations set forth in paragraph 112 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

113.   The allegations set forth in paragraph 113 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

114.   The allegations set forth in paragraph 114 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

115.    The allegations set forth in paragraph 115 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

116.    The allegations set forth in paragraph 116 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

117.    The allegations set forth in paragraph 117 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

118.    The allegations set forth in paragraph 118 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.  To the extent an admission or denial is required, Plaintiff's allegations are denied.

119.    The allegations set forth in paragraph 119 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT VI: INVASION OF PRIVACY

120.    Defendant incorporates by reference its responses to paragraph nos. 1-119 herein.

121.    The allegations set forth in paragraph 121 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.  To the extent an admission or denial is required, Plaintiffs' allegations are denied.

122.    The allegations set forth in paragraph 122 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.  To the extent an admission or denial is required, Plaintiffs' allegations are denied.

123.    The allegations set forth in paragraph 123 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

124.    The allegations set forth in paragraph 124 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

125.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

126.    The allegations set forth in paragraph 126 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

127.    The allegations set forth in paragraph 127 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

128.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of Plaintiffs' First Amended Complaint (ECF No. 42), and therefore denies the same.

129.    The allegations set forth in paragraph 129 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

130.    The allegations set forth in paragraph 130 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

131.    The allegations set forth in paragraph 131 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

132.    The allegations set forth in paragraph 132 of Plaintiffs' First Amended

Complaint (ECF No. 42) are denied.

## COUNT VII: NEGLIGENT SUPERVISION/RETETNION OF EMPLOYEES

133.    Defendant incorporates by reference its responses to paragraph nos. 1-132 herein.

134.    The allegations set forth in paragraph 134 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

135.    The allegations set forth in paragraph 135 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

136.    The allegations set forth in paragraph 136 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

137.    The allegations set forth in paragraph 137 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

138.    The allegations set forth in paragraph 138 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

139.    The allegations set forth in paragraph 139 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

140.    The allegations set forth in paragraph 140 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT VIII: NEGLIGENT SUPERVISION OF CHILDREN

141.    Defendant incorporates by reference its responses to paragraph nos. 1-140 herein.

142.    The allegations set forth in paragraph 142 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

143.    The allegations set forth in paragraph 143 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

144.    The allegations set forth in paragraph 144 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

145.    The allegations set forth in paragraph 145 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

146.    The allegations set forth in paragraph 146 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

147.    The allegations set forth in paragraph 147 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

148.    The allegations set forth in paragraph 148 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

### COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

149.    Defendant incorporates by reference its responses to paragraph nos. 1-148 herein.

150.    The allegations set forth in paragraph 150 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

151.    The allegations set forth in paragraph 151 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

152.    The allegations set forth in paragraph 152 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

153.    The allegations set forth in paragraph 153 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to an admission or denial.   To the extent an admission or denial is required, Plaintiffs' allegations are denied.

154.    The allegations set forth in paragraph 154 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

155.    The allegations set forth in paragraph 155 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

156.    The allegations set forth in paragraph 156 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

157.    The allegations set forth in paragraph 157 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

158.    The allegations set forth in paragraph 158 of Plaintiffs' First Amended Complaint (ECF No. 42) are denied.

## COUNT X: OUTRAGE

159.    Defendant incorporates by reference its responses to paragraph nos. 1-158 herein.

160.    The allegations set forth in paragraph 160 of Plaintiffs' First Amended Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to

an admission or denial.   To the extent an admission or denial is required, Plaintiffs'
allegations are denied.

161.    The allegations set forth in paragraph 161 of Plaintiffs' First Amended
Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to
an admission or denial.   To the extent an admission or denial is required, Plaintiffs'
allegations are denied.

162.    The allegations set forth in paragraph 162 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

163.    The allegations set forth in paragraph 163 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

164.    The allegations set forth in paragraph 164 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

165.    The allegations set forth in paragraph 165 of Plaintiffs' First Amended
Complaint (ECF No. 42) purport to state a legal conclusion which does not lend itself to
an admission or denial.   To the extent an admission or denial is required, Plaintiffs'
allegations are denied.

166.    The allegations set forth in paragraph 166 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

167.    The allegations set forth in paragraph 167 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

168.    The allegations set forth in paragraph 168 of Plaintiffs' First Amended
Complaint (ECF No. 42) are denied.

169.    The allegations set forth in paragraph 169 of Plaintiffs' First Amended

Complaint (ECF No. 42) are denied.

170.     Defendant denies that Plaintiffs are entitled to any of the damages or relief requested in the *ad damnum* clause on page 25 of their First Amended Complaint (ECF No. 42)

171.     Plaintiffs' demand for a jury trial contained on page 26 of their First Amended Complaint (ECF No. 42) does not lend itself to either admission or denial. Defendant denies that Plaintiffs are entitled to a jury trial on some or all of their claims.

172.     Defendant denies that its conduct has caused Plaintiffs any damages and further denies causation, the nature and extent of Plaintiffs' alleged damages.

173.     Defendant denies each and every allegation, including portions thereof, contained within Plaintiffs' First Amended Complaint (ECF No. 42) which has not been specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' First Amended Complaint (ECF No. 42), or parts thereof, fails to state a claim upon which relief can be granted against Defendant.

2.     The Court lacks subject matter jurisdiction over all, or part, of Plaintiffs' claims.

3.     Defendant owed no duty or obligation to Plaintiffs which has alleged to have been breached.

4.     Defendant denies that any of its employees or agents, acting within the course and scope of their agency or employment, violated any duty owed to or caused any damage or injury to Plaintiffs.

5.     Defendant has no municipal policy or custom which violates the rights of

Plaintiffs.

6.      Plaintiffs have failed to sufficiently plead grounds for municipal liability against Defendant.

7.      Defendant, at all times, acted rationally or reasonably.

8.      Defendant, at all times, acted in good faith, without fraud or malice, without discriminatory or retaliatory intent, and for legitimate nondiscriminatory reasons.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

10.     Plaintiffs have failed to mitigate their damages, if any.

11.     Plaintiffs' damages, if any, are limited, in whole or in part, by the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

12.     The damages sought by Plaintiffs are based on pure speculation and are therefore not recoverable against this Defendant.

13.     Plaintiffs lacks standing to pursue some, or all, of the claims asserted in their Plaintiffs' First Amended Complaint (ECF No. 42).

14.     Plaintiffs' claims for equitable relief, if any, are barred, in whole or in part, by the existence of an adequate remedy at law and are moot.

15.     Plaintiffs' claims are barred, in whole or in part, by the 11th Amendment to the United States Constitution which deprives this Court of jurisdiction over Plaintiffs' claims.

16.     All applicable statutory caps for damages limit any damages alleged to have been suffered or incurred by Plaintiffs, the existence of such damages Defendant specifically denies.

17.     Plaintiffs' claims are barred or reduced, in whole or in part, by the Kansas

Tort Claims Act, K.S.A. 70-6101, *et seq.*

18.    Plaintiffs' claims based on state law for non-economic loss, if any, are limited by K.S.A. 60-19a02.

19.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

20.    Plaintiffs' claims are barred, in whole or in part, by the affirmative defense of express or implied consent.

21.    Plaintiffs' allegations and other factual contentions have no evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

22.    Assuming arguendo that some activity of Plaintiff which is protected by the U.S. Constitution or Title IX was a factor in the decisions or actions complained of by Plaintiffs herein, Defendant would have taken the same action or made the same decision in the absence of consideration of Plaintiffs' protected activity.

23.    Defendant exercised reasonable care to prevent and correct promptly any harassing behavior including retaliation; and (b) plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise.

24.    Plaintiffs' claims are barred, in whole or in part, for plaintiffs' failure to exhaust administrative remedies.

25.    Plaintiffs' claims are barred, in whole or in part, due to plaintiffs' failure to actually comply with K.S.A. 12-105b.

26.    Plaintiffs' claims are barred by the doctrine of preclusion or preemption.

27.     The alleged injuries and/or damages, if any, which Plaintiffs have alleged to have suffered, are the results of actions and/or negligence or inaction of the Plaintiffs themselves and/or parties other than this answering defendant herein and Plaintiffs' recovery, if any, against this answering Defendant should be denied and/or reduced in accordance with Kansas law.

28.     Plaintiffs' contributory negligence and comparative fault, and/or the negligence or fault of others, bars Plaintiffs, in whole or in part, from recovering from defendant.

29.     Defendant is not subject to vicarious liability under § 1983.

30.     Plaintiff's negligence claims are barred by the lack of physical injury.

31.     Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

32.     The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

33.     Plaintiffs' state law claims are foreclosed by the exceptions to the Kansas Tort Claims Act.

34.     Plaintiff Jane Doe should not be permitted to pursue her claims through the use of a pseudonym.

35.     Defendant incorporates by reference the defenses and authorities raised in its motion for judgment on the pleadings and memorandum in support which has been filed contemporaneously herewith.

36.     This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including

reasonable attorneys' fees, incurred in defending this action.

37.    Defendant reserves the right to assert any further defenses which may become apparent during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiffs and that it be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as the Court deems fair, just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone:     (913) 371-3838
Facsimile:      (913) 371-4722
E-mail:          ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
        GREGORY P. GOHEEN        #16291

Attorneys for Defendants Brock Hutchinson and Unified School District No. 237, Smith County, Kansas

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Dan Curry
Sarah Brown
Brown & Curry, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111

Attorneys for Plaintiffs

/s/ Gregory P. Goheen