IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE, a minor individual, )
and ANGELA HARRISON, Jane Doe's )
Mother, as next friend of Jane Doe, )
 )
               Plaintiffs, )
 )
v. )          Case No. 16-cv-2801-JWL-TJJ
 )
USD No. 237, THE SMITH CENTER )
SCHOOL DISTRICT, and BROCK )
HUTCHINSON, )
 )
               Defendants. )

## ORDER GRANTING STAY OF DISCOVERY AND SCHEDULING ORDER DEADLINES PENDING DEFENDANT HUTCHINSON'S INTERLOCUTORY APPEAL

This matter is before the Court on Defendant Hutchinson's Renewed Motion for Stay of Discovery on Qualified Immunity Grounds (ECF No. 50). Defendant requests a stay of all discovery on all Plaintiffs' claims against him and co-defendant USD No. 237, The Smith School District ("School District") in this case until the Tenth Circuit Court of Appeals resolves his pending interlocutory appeal. Defendant Hutchinson filed a notice of appeal of the Court's March 2, 2017 Memorandum and Order denying his motion to dismiss Plaintiffs' Section 1983 equal protection claim on the basis of qualified immunity. Plaintiffs oppose a stay of this case that would further delay resolution of their claims against Defendant School District—which has not claimed qualified immunity—during the pendency of the Defendant Hutchinson's interlocutory appeal.

Although it has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending, exceptions to this policy are recognized.[1] Pertinent here is the exception that recognizes a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[2] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[3] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[4]

District Judge Lungstrum resolved the threshold question of immunity in his March 2, 2017 Memorandum and Order denying Defendant Hutchinson's motion to dismiss on the basis of qualified immunity. Defendant Hutchinson has filed a notice of interlocutory appeal of the March 2 decision. In *Stewart v. Donges,* the Tenth Circuit held that "an interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant."[5] Thus, upon the filing of Defendant Hutchinson's notice of appeal, this court only retained "jurisdiction to proceed with *matters not involved in that appeal*."[6] The Court will therefore grant Defendant Hutchinson's request for a complete stay of all case deadlines and

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[3] *Id*.

[4] *Id*.; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[5] *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990).

[6] *Id.* at 576 (emphasis in original) (quoting *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)).

discovery on Plaintiffs' claims asserted against him pending his interlocutory appeal of the qualified immunity decision.

The Court will also stay all Scheduling Order deadlines and discovery with respect to Plaintiffs' claims against the School District pending a decision by the Tenth Circuit Court of Appeals on Defendant Hutchinson's interlocutory appeal. The Court recognizes that Defendant School District has not asserted qualified immunity as a defense, is not involved in Defendant Hutchinson's interlocutory appeal, and a stay may further substantially delay resolution of Plaintiffs' claims against School District. However, because Defendants have raised a question with respect to the Court's jurisdiction and because Defendant Hutchinson is the alleged perpetrator of the acts upon which Plaintiffs' claims against the School District are primarily based, out of an abundance of caution the Court will stay all discovery and Scheduling Order deadlines for all parties in this case pending resolution of Defendant Hutchinson's qualified immunity interlocutory appeal.

**IT IS THEREFORE ORDERED THAT** Defendant Hutchinson's Renewed Motion for Stay of Discovery on Qualified Immunity Grounds (ECF No. 50) is GRANTED. All discovery and case deadlines set in the Scheduling Order (ECF No. 52) **as to all parties in this case** are hereby stayed until the Tenth Circuit issues its decision on Defendant Hutchinson's interlocutory appeal of the Court's qualified immunity ruling.

**IT IS FURTHER ORDERED THAT** the parties shall promptly file a status report or motion to lift the stay of discovery when the Tenth Circuit issues its decision on Defendant Hutchinson's interlocutory appeal.

IT IS SO ORDERED.

Dated this 27th day of October 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge