IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE )
and ANGELA HARRISON, )
 )
        Plaintiffs, )
 )
  v. ) Case No. 16-2801-JWL
 )
USD 237, the Smith Center School District, )
and BROCK HUTCHINSON, )
 )
        Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Brock Hutchinson's motion to dismiss the state-law claims asserted in plaintiffs' amended complaint (Doc. # 47). For the reasons set forth below, the Court **denies** the motion.

### I. **Background**

On December 8, 2016, plaintiff Jane Doe, a minor and former student in the Smith Center School District, and her mother and next friend, plaintiff Angela Harrison, initiated the present suit against the District and Brock Harrison, a teacher and coach in the District. By their original complaint, plaintiffs asserted claims against the District under Title IX of the Educational Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* Plaintiffs also asserted claims under 42 U.S.C. § 1983 against both defendants, alleging

violations of plaintiff Doe's equal protection right to be free from sexual harassment in an educational setting and her right to privacy on personal sexual matters.

Defendant Hutchison moved to dismiss the Section 1983 claims against him on the basis of qualified immunity. By Memorandum and Order of March 2, 2017, the Court granted the motion in part, ruling that plaintiffs had not pleaded a plausible privacy claim under Section 1983; but it denied the motion with respect to the equal protection claim. On April 3, 2017, Mr. Hutchinson file notice of his interlocutory appeal of the Court's ruling on the equal protection claim.

On March 7, 2017, plaintiffs moved for leave to amend their complaint. Specifically, plaintiff Doe sought to add state-law claims for invasion of privacy, negligent supervision or retention of employees, negligent supervision of children, negligent infliction of emotional distress, and outrage. In addition, in the proposed amended complaint, defendant Harrison would no longer assert claims as next friend of Doe, but would assert a new claim on her own behalf for Title IX retaliation. By Memorandum and Order of September 1, 2017, Magistrate Judge James granted the motion to amend with the exception of the new claim for negligent supervision of children as asserted against Mr. Hutchinson, which claim was deemed futile. The Magistrate Judge rejected defendants' arguments that plaintiff Doe failed to provide sufficient notice of her state-law claims pursuant to K.S.A. § 12-105b. The Magistrate Judge further concluded that the proposed amended complaint contained sufficient

allegations to support plaintiff Doe's negligence and outrage claims.[1]

Defendants did not seek review of the Magistrate Judge's order. Mr. Hutchinson now moves to dismiss the new state-law claims asserted against him.

## II.     Jurisdiction to Allow Amendment to Complaint

The amended complaint that has now been filed includes new state-law claims by plaintiff Doe against Mr. Hutchinson for invasion of privacy, negligent infliction of emotional distress, and outrage (also known as intentional infliction of emotional distress).[2] Mr. Hutchinson first argues that, because of his pending interlocutory appeal of the denial of qualified immunity on the Section 1983 equal protection claim, this Court lacks jurisdiction to allow the amendment to add claims against him.

In a sense, Mr. Hutchinson's argument is untimely, as the Court has already permitted the amendment. In opposing plaintiffs' motion to amend, Mr. Hutchinson did not argue that the Court lacked jurisdiction to permit the requested amendment or that the proposed amendment would be futile for that reason. Because the issue concerns its jurisdiction, however, the Court will nevertheless address the argument.

---

[1]The Magistrate Judge also rejected defendants' argument that Ms. Harrison's Title IX claim would be futile because of a lack of standing; denied defendants' request to strike portions of the proposed amended complaint; and granted plaintiff Doe's request to proceed by pseudonym.

[2]In her response, Doe does not dispute that the new negligent supervision claims are asserted only against defendant District.

3

Although an effective notice of appeal transfers jurisdiction from the district court to the circuit court as a general matter, that transfer is not unlimited:

> [T]he transfer affects only those aspects of the case involved in the appeal. Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one the affects the litigation as a whole, the district court may proceed with the case.

*See Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998) (citations omitted). "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal." *See Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (internal quotations and citation omitted).

In making his present argument, Mr. Hutchinson does not explain why the Court lacks jurisdiction concerning the new claims under this standard.[3] The Court concludes that the new claims asserted against Mr. Hutchinson in the amended complaint—discrete, common-law tort claims—are indeed collateral to the matter on appeal, which concerns only a single claim asserted under a federal statute. Mr. Hutchinson has not cited any authority suggesting that an interlocutory appeal of a qualified-immunity ruling robs the district court of jurisdiction over other, discrete claims. Mr. Hutchinson cites *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000), a case from

---

[3]In the introduction to his reply brief, Mr. Hutchinson states that rulings by the Tenth Circuit "might impact the viability" of the new state-law claims, but he does not identify any such issue concerning his appeal of the denial of immunity that could preclude the assertion of one of the new claims.

the Seventh Circuit. In that case, however, the proposed amendment did not involve new claims distinct from the claim on appeal, but rather involved new factual allegations and new plaintiffs, which amendment therefore implicated the claim on appeal. *See id.* at 880-81. Thus, *May* does not lend support to Mr. Hutchinson's argument in this case. This case more closely resembles *Smith v. Board of County Commissioners of Johnson County, Kansas*, 96 F. Supp. 2d 1177 (D. Kan. 2000), in which the court concluded that an interlocutory appeal that related to one statutory claim did not divest it of jurisdiction to decide a motion relating to other claims or to decide a motion to amend to add a new claim. *See id.* at 1182.

Accordingly, the Court denies Mr. Hutchinson's motion to dismiss the new state-law claims against him for lack of jurisdiction because of the pending appeal.

### III.  **Supplemental Jurisdiction**

Mr. Hutchinson also argues that the Court should decline to exercise supplemental jurisdiction over the new state-law claims against him. 28 U.S.C. § 1367(a) grants district courts supplemental jurisdiction over all claims that are so related that they form part of the same case or controversy as the claims over which those courts exercise original jurisdiction. *See id.* Mr. Hutchinson does not argue here that the new claims are not sufficiently related to the original federal claim against him. Rather, he relies on 28 U.S.C. § 1367(c), which provides that a district court may decline to exercise supplemental jurisdiction if

5

>  (1) the claim raises a novel or complex issue of State law,
>
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See id.* A district court's decision whether to exercise of supplemental jurisdiction under Section 1367 is a matter within its discretion. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).

Mr. Hutchinson argues summarily that the four factors listed in Section 1367(c) weigh in his favor, but he has not explained why that is the case here. In fact, *none* of those factors are present here—the new state-law claims do not raise complex or novel issues, those claims do not substantially predominate over the federal claims against the two defendants, the Court has not dismissed all of the federal claims, and no exceptional circumstances have been cited. In his reply, Mr. Hutchinson argues that many facts relevant to the Title IX claims against the District do not involve him and are not relevant to the claims against him, but having different claims against different defendants is not unusual or exceptional. Accordingly, the Court in its discretion will continue to exercise supplemental jurisdiction over the state-law claims, and it therefore denies Mr. Hutchinson's motion to dismiss on this basis.

### **IV.    Negligent Infliction of Emotional Distress**

Mr. Hutchinson next argues that the amended complaint does not include sufficient facts to state a plausible claim under Kansas law for negligent infliction of emotional distress.[4]  The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)

---

[4]The parties appear to agree that Kansas law governs plaintiffs' tort claims.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (forum state's choice-of-law rules govern which state's substantive law applies); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred).

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Specifically, Mr. Hutchinson argues that Doe failed to plead sufficient facts regarding the required element of a physical injury. The Kansas Supreme Court has set forth the relevant requirement as follows:

> It has long been the general rule in Kansas that there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff. This rule, however, does not apply where the injurious conduct is willful or wanton, or the defendant acts with intent to injure.

*See Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274 (1983) (citations omitted).

Mr. Hutchinson raised the same issue in arguing futility in opposition to the motion to amend, and the Magistrate Judge rejected that argument. Mr. Hutchinson has not attempted to explain how the Magistrate Judge erred in her analysis, and the Court agrees with and adopts her well-reasoned opinion with respect to this issue. The Court notes that Doe's claims are relatively straightforward and that less detail is therefore required here than in more complex cases. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of specificity required in factual allegations depends on the type of case; simple actions may require fewer detailed facts). Doe's allegations are not merely formulaic or conclusory with respect to physical injury, and Mr. Hutchinson has not cited any authority suggesting that more detailed allegations were required here on that element. Nor do the allegations support a plausible claim only for physical effects (such as insomnia) that fall short under Kansas law. Mr. Hutchinson is free at

8

summary judgment to challenge the sufficiency of the physical injuries suffered by Doe, but the Court cannot conclude at this stage that Doe will not be able to prove her claim. Accordingly, the Court denies the motion to dismiss this claim.

### V.     Outrage

Plaintiff Doe asserts a new claim of outrage under Kansas law, which requires a showing of intentional or reckless conduct that is extreme and outrageous. *See Bolden v. PRC Inc.*, 43 F.3d 545, 553 (10th Cir. 1994) (citing *Moore v. State Bank of Burden*, 240 Kan. 382 (1986)). Mr. Hutchinson argues that Doe's allegations are insufficient to satisfy that requirement of the tort. Again, the Magistrate Judge rejected the same argument in permitting the amendment, and the Court agrees with her analysis. Doe's allegations do not make an outrage claim implausible, and the Court cannot conclude at this stage that Doe will not be able to present sufficient evidence when required to do so. The Court therefore denies the motion to dismiss this claim.

### VI.     Statutory Notice

Finally, Mr. Hutchinson argues that the new state-law claims against him should be dismissed because plaintiff Doe failed to comply with the notice requirement imposed by K.S.A. § 12-105b(d). That statute provides that a person with a claim against a municipality or employee that could give rise to liability under the Kansas Tort Claims Act must provide notice to the municipality containing the following information:

> (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.

*See id.* Moreover, the statute explicitly states that substantial compliance with these requirements constitutes the valid filing of a claim. *See id.* "Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *See Sleeth v. Sedan City Hosp.*, 298 Kan. 853, 865 (2014).

> [T]he question of compliance is not based upon a "mechanical counting" of information addressing each enumerated category in the statute. Instead, notice is sufficient if it gives the municipality what it needs for a full investigation and understanding of the merits of the claims advanced. This is achieved when the notice advises the municipality of the time and place of the injury, affords the municipality an opportunity to ascertain the character and extent of the injury sustained, and allows for the early investigation and resolution of claim disputes.

*See id.* (internal quotations and citations omitted).

As plaintiff Doe points out, the Magistrate Judge considered and rejected this same argument by Mr. Hutchinson. The Magistrate Judge's reasoning is sound, and Mr. Hutchinson has not identified any particular deficiency in that reasoning. Doe's attorney sent a letter to defendant District dated October 12, 2016, that includes separate sections corresponding to the five items required in Section 12-105b. In particular, Mr. Hutchinson argues that the notice did not contain sufficient facts to support the legal

10

claims asserted and the injuries alleged in the amended complaint. The statute does not require the claimant to provide every fact in support of her claim, however; to the contrary, it requires "concise" statements of the factual bases for the claims. Nor does the statute require a statement of facts sufficient to withstand a motion to dismiss, and Mr. Hutchinson has not cited any authority interpreting the statute to require that level of detail. Only substantial compliance is required, and Doe's letter satisfies that standard—it sets forth the basic conduct by Mr. Hutchinson on which the claims rest, while providing multiple examples, including dates and places; and it also sets forth the nature of the claimed injuries.

In particular, Mr. Hutchinson argues that the notice is deficient with respect to the outrage claim because, although it lists several other potential claims, it does not mention the tort of outrage. The Court rejects this argument. Section 12-105b sets forth with some detail the information that is required in the notice, and that information does not include possible legal theories or causes of action; rather, only a concise statement of the underlying facts is required. *See Richard v. Board of County Comm'rs of Sedgwick County*, 2012 WL 4794588, at \*6 (D. Kan. Oct. 9, 2012) ("[N]othing in § 12-105b requires a claimant to spell out its legal theories."); *Mick v. Brewer*, 1997 WL 225908, at \*6 (D. Kan. Apr. 18, 1997) ("[T]he statute, by its express terms, only requires notice of the 'factual basis' for the claim; there is no requirement that the notice set forth in detail the legal theory behind the claim."). In cases in which the notice has been deemed deficient with respect to a claim, the notice did not include the facts on which the claim

was based. *See, e.g.*, *Richard*, 2012 WL 4794588, at \*6 (discussing cases). In this case, however, the notice specifically claimed emotional distress, listed negligent infliction of emotional distress as a possible claim, and stated facts that underlie both of the emotional distress claims asserted in the amended complaint. Thus, the Court concludes that Doe substantially complied with Section 12-105b's notice requirement with respect to the outrage claim.[5]

Mr. Hutchinson also argues that the notice references only potential claims against the District and does not mention claims against him. The Magistrate Judge addressed this argument at some length in permitting the amendment, and the Court agrees with her reasoning. Although the statute was amended a few years ago to apply to claims against municipalities *and their employees*, the required contents do not include an identification of potential defendants in future court actions. The notice makes clear that Mr. Hutchinson is alleged to be the primary actor with respect to Doe's claims, and the notice therefore provided the municipality (defendant District) with sufficient information to investigate the claims based on his conduct. Accordingly, the Court concludes that Doe substantially complied with the notice statute with respect to claims against Mr. Hutchinson individually, and the Court thus denies the motion to dismiss the newly-asserted state-law claims against him.

---

[5]In light of these conclusions, the Court need not address plaintiff Doe's argument that the outrage claim, based on intentional conduct, does not give rise to liability under the Tort Claims Act and thus does not implicate Section 12-105b(d).

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Brock Hutchinson's motion to dismiss (Doc. # 47) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of November, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
