IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE, and ANGELA HARRISON, )
                                                       Plaintiffs,   )
)
v.                                                   )      Case No. 16-2801-JWL-TJJ
)
USD No. 237, THE SMITH CENTER  )
SCHOOL DISTRICT, et al.,             )
)
                                  Defendants.  )

**MEMORANDUM AND ORDER**

Before the Court are Plaintiffs' Motion for Leave to File Confidential Exhibits to Plaintiffs' Motion to Compel Under Seal (ECF No. 96), Defendants' Motion for Leave to File Under Seal (ECF No. 98), and Plaintiffs' Motion for Leave to File Plaintiffs' Response to Defendants' Motion for Protective Order Under Seal (ECF No. 99). For the reasons discussed below, the Court denies the motions.

**I.    Legal Standard**

The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents."[1] That is also true in this district. "It is well settled that federal courts recognize a common-law right of access to judicial records."[2] The public's right of access is not absolute, and whether to allow access to records is within the district court's discretion.[3] Courts must consider "the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[2] *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 710126, at *1 (D. Kan. Mar. 5, 2007) (citations omitted).

[3] *Id.*

in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[4] The fact that the parties agree that a document should be sealed is not sufficient to justify the sealing of the document.[5] Rather, to rebut the presumption of access to judicial records, a party must demonstrate that "countervailing interests heavily outweigh the public interests in access."[6] Additionally, that the document is "confidential" within the meaning of the parties' protective order has no bearing on whether the document should be filed under seal.[7] As Judge Crabtree explained recently:

> "[T]he court is mindful that taxpayers fund the cost of court operations. They thus hold a substantial stake in what happens in our courtrooms and the decisions that judges make there. Also, the public's faith in court rulings is important to the rule of law. Having access to court decisions, and the reasoning and facts that produce them, helps inspire such faith. While both of these factors favor access and transparency, our law also recognizes that some exceptions exist. When a piece of information or a data point qualifies for restricted access, the court should make that restriction no greater than necessary to serve the interest deserving protection."[8]

**II. Analysis**

This case involves allegations of sexual harassment and related inappropriate conduct by Defendant Brock Hutchinson, a teacher and coach at USD No. 237, Smith Center School District. Among other things, the complaint sets out multiple incidents of alleged sexual

---

[4] *Id.* (quotation omitted).

[5] *Id.*

[6] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[7] *Dryden v. City of Hays, Kan.*, No. 11-1354-KHV, 2012 WL 966170, at *1 (D. Kan. Mar. 21, 2012) (citation omitted).

[8] *In re* EpiPen, 17-md-2785-DDC-TJJ, 2018 U.S. Dist. LEXIS 212618, at *14–15 (D. Kan. Dec. 17, 2018).

harassment and related inappropriate conduct by Hutchinson toward Plaintiff Jane Doe, while she was a minor high school student, as well as an alleged inappropriate romantic relationship between Hutchinson and another minor high school student. This second student has been deposed in this case and she is referenced throughout the parties' briefing as Jane Doe Witness.

Plaintiffs request to file their entire Motion to Compel and 11 of 13 exhibits to the motion under seal. The exhibits at issue are: third-party Jane Doe Witness's deposition, a declaration of Jane Doe Witness's father, a declaration of a former Smith Center cheerleading sponsor, a declaration of a former Smith Center teacher, a declaration of a former Smith Center student, a declaration of a former Smith Center student's parent, and Defendants' responses and objections to Plaintiffs' various discovery requests.

In their motion, Plaintiffs' very broad request for a sealed filing does not articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access. Instead, Plaintiffs argue the exhibits risk revealing third-party Jane Doe Witness's identity and the identities of the witnesses who provided declarations, but Plaintiffs never explain why it is essential to protect the identities of all these witnesses or what harm there would be if the identities were revealed. Indeed, the Court finds the public interest in having access to information significant in this case, which involves allegations that a teacher/coach has been inappropriate with at least one, if not multiple, minor high school students, and yet the school district has failed to take any disciplinary action. But Plaintiffs make no attempt to balance any potential harm of identifying these witnesses against the public's right of access.

In addition, the Amended Complaint consists of 169 numbered paragraphs which recount in some detail a number of specific instances of alleged inappropriate conduct by Hutchinson

involving minor high school students, and include details such as the names of the school district superintendent, principal and a school counselor at times material to the allegations. Much of the information that the parties now request to have sealed is already in the court record and available to the public, as it should be.

The Court is mindful that it has previously entered an order allowing Plaintiff Jane Doe, who was a minor at the time this case was filed, to continue to proceed in the case by pseudonym after she turned eighteen years old.[9] The Court found compelling Plaintiffs' arguments, in their memorandum in support of the motion requesting that Jane Doe be allowed to proceed by pseudonym,[10] regarding the potential harm to Jane Doe if her identity were revealed in this lawsuit. However, in its order the Court stressed the importance of maintaining open court records and limited its ruling to the specific and unique facts of the case, namely: "The allegations [concerning Jane Doe] involve matters of a highly sensitive and personal nature, which occurred while Doe was a minor high school student."[11]

Applying similar reasoning, the Court finds that references to Jane Doe Witness in documents and filings in this case should also be under a pseudonym. Like the plaintiff, Jane Doe Witness was a minor at all times material to the allegations regarding her in the complaint. The allegations concerning Jane Doe Witness involve matters of a highly sensitive and personal nature, which occurred while Jane Doe Witness was a minor high school student.[12] Additionally, consistent with this Court's prior ruling, the names of all witnesses who were minor high school

---

[9] ECF No. 41.
[10] ECF No. 37.
[11] ECF No. 41 at 23.
[12] *Id.*

students at the time of the allegations at issue in the complaint shall be redacted. Jane Doe Witness's father's name shall also be redacted to further protect his daughter's identity.[13]

Plaintiffs do not articulate any explanation for why redacting these names in the exhibits to their motion would not be feasible or sufficient to protect the identities of Jane Doe, Jane Doe Witness, or other witnesses who were minor students at the time of the allegations in the complaint. For the declaration of Jane Doe Witness's father, Plaintiffs state redaction "risks rendering it unintelligible" but provide no support for this statement. The Court does not agree that redaction of names would render the document "unintelligible." Plaintiffs also state redaction of Defendants' discovery responses "may hinder the court's ability to consider the merits of Plaintiffs' motion," again with no support. The Court again does not agree that redaction would hinder its ability to consider the merits of Plaintiffs' motion.

As to the motion itself, it is twenty pages and consists primarily of legal arguments and authorities as well as other information already in the public record in this case. Plaintiffs make no argument as to why the motion itself should be filed under seal except that it "contains necessary context that would potentially identify witnesses whose information is protected pursuant to the Agreed Protective Order."[14] But this has no bearing on whether the motion

---

[13] Plaintiffs say the declarations of the cheerleading sponsor and former teacher risk identifying Jane Doe Witness. It is not readily apparent how their declarations would identify Jane Doe Witness, and Plaintiffs provide no factual support for their assertion. The public record in this case already reveals the names of the school district superintendent, school principal and a school counselor, as well as the time frame(s) of the alleged incidents of inappropriate conduct. The Court is not persuaded that revealing the identities of other adult teacher-witnesses and sponsor-witnesses is any more likely to reveal the identities of Jane Doe and Jane Doe Witness than are the identities of those adults already identified in the record. The only redactions that shall be allowed are the names of witnesses who were minor students at the time of the allegations and any parent of such a minor student whose name would identify their son/daughter minor student.

[14] ECF No. 96 at 3.

should be filed under seal.[15] Plaintiffs have not met their burden to overcome the presumption in favor of public access to their motion.

"When a piece of information or a data point qualifies for restricted access, the court should make that restriction no greater than necessary to serve the interest deserving protection."[16] Plaintiffs (and Defendants in their motion discussed below) make no showing to justify their very broad requests for sealing, or any restriction on public access in this case aside from the redactions allowed by this order as set out above. Therefore, Plaintiffs' Motion for Leave to File Confidential Exhibits to Plaintiffs' Motion to Compel Under Seal is denied, but Plaintiffs shall file their motion and supporting exhibits with redactions as discussed herein.

Similar to Plaintiffs, Defendants seek a very broad order sealing their entire Memorandum in Support of Motion for Protective Order and all 12 supporting exhibits.[17] The basis for the request again is keeping confidential the identity of the Jane Doe Witness. The only authority Defendants cite is *Garcia v. Tyson Foods, Inc.*,[18] yet in that case, Judge Waxse found that the party requesting leave to file under seal "failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access."[19] That is also true in this case. Defendants do not articulate any facts or reason that redaction of Jane Doe Witness's name is not sufficient to protect her identity. Further, Defendants rely on the Protective Order entered in this case, which again is not sufficient to

---

[15] *See Dryden v. City of Hays, Kan.*, No. 11-1354-KHV, 2012 WL 966170, at *1 (D. Kan. Mar. 21, 2012).

[16] *In re* EpiPen, 17-md-2785-DDC-TJJ, 2018 U.S. Dist. LEXIS 212618, at *15 (D. Kan. Dec. 17, 2018).

[17] Defendants seek to file even Plaintiffs' requests for production to the Defendants, *without responses*, under seal. Defendants' broad request to seal now is in stark contrast to their earlier opposition to Plaintiffs' motion for Jane Doe to proceed under her pseudonym (ECF No. 39).

[18] No. 06-2198-JWL-DJW, 2010 WL 3584462 (D. Kan. Sept. 13, 2010).

[19] *Id.* at *2.

justify filing documents under seal. Many of the proposed exhibits in Defendants' motion are the same as the proposed exhibits in Plaintiffs' motion and, as previously discussed, the Court finds redaction to be sufficient. As for Defendants' memorandum itself, the Court finds sealing is not warranted for the same reasons the Court is refusing Plaintiffs' request to seal their entire motion. The Court denies Defendants' request to seal based upon the same legal analysis discussed above with regard to Plaintiffs motion and exhibits, and likewise will require the same redactions in Defendants' filings as in Plaintiffs' filings.

Finally, Plaintiffs' Motion for Leave to File Plaintiffs' Response to Defendants' Motion for Protective Order Under Seal is denied. Plaintiffs seem to have only filed this motion "out of an abundance of caution" because Defendants' have sought to seal their Memorandum in Support for Protective Order. Plaintiffs fail to provide any other justification for their request. There does not appear to be any mention of the Jane Doe Witness by name in Plaintiffs' response, and Plaintiffs do not suggest that anything in their response should be redacted. Therefore, Plaintiffs' Motion for Leave to File Plaintiffs' Response to Defendants' Motion for Protective Order Under Seal is denied

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Leave to File Confidential Exhibits to Plaintiffs' Motion to Compel Under Seal (ECF No. 96) is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Under Seal (ECF No. 98) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Plaintiffs' Response to Defendants' Motion for Protective Order Under Seal (ECF No. 99) is denied.

**IT IS FURTHER ORDERED** that the parties are directed to file their motions and exhibits, with the redactions discussed herein, within seven (7) days of the date of this order.

**IT IS SO ORDERED.**

Dated February 19, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge