5531.11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE DOE, a minor individual, and ANGELA HARRISON, Jane Doe's mother, As next friend of Jane Doe,      ) ) ) ) | |
|       Plaintiffs,   ) | |
| vs.    ) | Case No. 16-2801-JWL-TJJ |
|    ) | |
| USD No. 237, THE SMITH CENTER SCHOOL DISTRICT, et al.,   ) ) ) | |
|       Defendants.   ) | |

## SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Pursuant to the Court's Order (ECF No. 155), Defendants address the argument raised by Plaintiffs in their Reply (ECF No. 129, pp. 15-17) that Defendant USD No. 237 has somehow waived the attorney-client privilege and/or work product doctrine with respect to a document prepared by Defendant USD No. 237's attorney by virtue of asserting affirmative defense no. 23 in its Answer (ECF No. 46, p. 23) – "Defendant exercised reasonable care to prevent and correct promptly any harassing behavior including retaliation; and (b) plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise." As they have throughout this litigation, Plaintiffs overgeneralize and misstate both the facts and the applicable law. First, Plaintiffs state, erroneously, that Defendant USD No, 237 "has asserted the occurrence of the 2016 investigation as a defense to Plaintiff's claims" and that "Defendant asserts that this investigation relieves it of liability" citing as factual support to the mere assertion of affirmative defense no. 23. Reply (ECF No. 129, pp. 15-16). Second, Plaintiffs state, erroneously, that "[c]ourts have uniformly held that the invocation of this defense waived the attorney client and work product privileges." Reply (ECF No. 129, p. 15).

1

Plaintiffs misapprehend the law.  There is no uniform black letter law that the mere assertion of a *Faragher–Ellerth* type affirmative defense automatically results in an implicit or implied waiver of the attorney client privilege and/or work product doctrine that might otherwise applied to documents prepared by a defendant's attorney in connection with a pre-suit investigation of a plaintiff's claims.  Instead, as recognized by many courts, such a pre-suit investigation is **not** a necessary element of this type of affirmative defense.  See e.g. Robinson v. Vineyard Vines, LLC, 4972 (VB)(JCM), 2016 WL 845283, at *5-6 (S.D.N.Y. Mar. 4, 2016) (enforcing privilege where defendants were merely asserting as a defense (1) the existence of anti-harassment policies, and (2) plaintiff's failure to take advantage of such policies, and never meant to assert a *Faragher–Ellerth* defenses as to any investigation into the plaintiff's claims); Mendez v. St. Alphonsus Reg'l Med. Ctr., No. 1:12-cv-26-EJL-CWD, 2014 WL 3406015, at *4 (D.Idaho July 10, 2014) (attorney client privilege and work product immunity are not waived if the defendant does not rely on an investigation in support of its *Faragher–Ellerth* defense, and finding no waiver); Crutcher-Sanchez v. Cty. of Dakota, Neb., No. 8:09CV288, 2011 WL 612061, at *10 (D.Neb. Feb. 10, 2011) ("It does not appear the defendants rely on the adequacy of the investigation as an affirmative defense … .  The defendants did not waive the privilege … by generally alleging they may rely on the *Ellerth/Faragher* defense to vicarious liability … .").  It is only where a defendant asserts a *Faragher–Ellerth* defense based on the reasonableness of its investigation into the plaintiff's allegations of discrimination or harassment that the attorney-client privilege and/or work product doctrine might arguably be waived to some degree as to the documents generated by the attorney in connection with the investigation.  That is not the situation before the Court in the present case.

Here Defendant USD No. 237 maintains policies prohibiting discrimination or retaliation based upon, *inter alia*, sex, including harassment and provides a process for students and others to make complaints about any alleged discrimination or retaliation.  See e.g. Board Policies GAAA, GAAB, GAAC, JCE, JGEC & KN, Exhibit 1, attached hereto.  Defendant USD No. 237's applicable policies seek to first attempt resolution of complaints informally and at the lowest possible level (building principal).  Contrary to Plaintiffs' representation, Defendant USD No. 237's policies do not require an investigation when informal resolution occurs.  Defendant USD No. 237's policies do provide for a formal complaint process with an appeal available to its Board when a complaint is unable to be resolved informally.

Plaintiff Harrison, on behalf of her daughter, first complained about what she considered to be sexual harassment in the form of verbal comments by Defendant Hutchinson during a meeting with the Smith Center High School principal on or about January 23, 2015.  Consistent with Board policy, the principal attempted to resolve Plaintiff Harrison's complaints informally and directed Defendant Hutchinson to contact Plaintiff Harrison which Defendant Hutchinson attempted to do.  On January 28, 2015, Plaintiff Harrison sent an email to Defendant Hutchinson with a copy to the superintendent and principal confirming her expectations regarding Defendant Hutchinson's behavior toward her daughter going forward.  On February 4, 2015, the principal followed up with Plaintiff Harrison and confirmed that she did not want any further investigation into the matter.  No further complaints were made by either Plaintiff concerning Defendant Hutchinson until late spring of 2016.

Plaintiff Harrison next complained about Defendant Hutchinson on or about May 9, 2016, when she presented to one of Defendant USD No. 237's Board of Education members a type-written document she had prepared restating the concerns about Defendant Hutchinson she

had previously expressed in January of 2015.  Consistent with Board policy, Plaintiff Harrison's complaint was provided to the superintendent who requested the principal to meet with Plaintiff Doe to determine whether there had been any further incidents between her and Defendant Hutchinson since January of 2015.  Plaintiff Doe advised the principal that there had been no further incidents.  Plaintiff Harrison then sent an email to the principal on May 11, 2016, copying her attorney and instructing the principal to not discuss the matter with Plaintiff Doe.

Thereafter, in anticipation of litigation, Defendant USD No. 237's Board, did retain Ms. Loquist, as legal counsel to investigate, evaluate and provide legal advice concerning Plaintiffs' claims resulting in the privileged document at issue in this Motion to Compel (ECF No. 102).[1] However, Ms. Loquist's investigation, evaluation and advice are not part of any affirmative defense being raised by Defendant USD No. 237 in the case.  It is worth noting that documents reflecting all personnel actions taken and training provided as a result of Defendant USD No. 237's investigations into Plaintiffs' complaints have already been produced to Plaintiffs in this litigation.

This is not a case where Defendant USD No. 237 has put a document or information covered by the attorney-client privilege and/or work product doctrine at issue.  See U.S. v. Newell, 315 F.3d 510, 525 (5th Cir. 2002) (raising a good-faith defense does not effect waiver when there is no assertion of reliance on the advice of counsel).  It is Plaintiffs, not Defendant USD No. 237, who are seeking to put the investigation conducted by Defendant USD No. 237's attorneys at issue in this litigation.  Although the Tenth Circuit does not appear to have adopted a specific test to be applied to the "at-issue" exception to these privileges, the District of Kansas has generally followed some version of the waiver test applied in Hearn v. Rhay, 68 F.R.D. 574

---

[1]       Although Plaintiffs make reference to other documents in their Motion (ECF No. 102), the document which has now been provided to the Court for *in camera* review is the only document from Ms. Loquist in Defendant USD No. 237's possession.

(E.D.Wash. 1975).  Leftwich v. City of Pittsburg, Kansas, No. 16-2112-JWL-GLR, 2017 WL 1338838, at *3 (D. Kan. Apr. 12, 2017); Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC, No. 11-2684-JWL, 2015 WL 11121848, at *2 (D. Kan. Apr. 16, 2015); see Seneca Ins. Co. v. Western Claims, Inc., 774 F.3d 1272, 1276 (10th Cir. 2014) (considering Oklahoma law); Frontier Refining Inc. v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998) (considering Wyoming law); but see Apsley v. Boeing Co., No. 05-1368-MLB, 2008 WL 5211001, at *2 (D. Kan. Dec. 9, 2008) (no implied waiver because the defendants (emphasis in the opinion) had not placed the protected communications at issue); IMC Chems., Inc. v. Niro, Inc., 2000 WL 1466495 at *8 (D.Kan. July 19, 2000).  Other circuits have criticized Hearn.  See e.g. In re Itron, Inc., 883 F.3d 553, 564 (5th Cir. 2018) (rejecting any notion that "privilege takes flight whenever privileged communications become "highly relevant" to an adversary's defense ... ."); see also In re Cty. of Erie, 546 F.3d 222, 229 (2nd Cir. 2008) ("A mere indication of a claim or defense is certainly insufficient to place legal advice at issue.").  Because the attorney-client privilege serves the interests of justice, it deserves "maximum legal protection." Rhone-Puolenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 862 (3rd Cir. 1994).  Even where a lawyer's advice may be relevant, the interests of the attorney-client privilege are intended to protect remain served by confidentiality and a party does not lose the privilege merely because the party's state of mind is at issue in a case.  Id. at 864.

In this case, Defendant USD No. 237 has not placed the investigation, or adequacy of the investigation, of its attorney at issue by asserting its affirmative defense no. 23.  See In re Kellogg Brown & Root, Inc., 796 F.3d 137, 147 (D.C. Cir. 2015).  It has not waived either the attorney-client privilege or the work-product doctrine.  Accordingly, Plaintiffs' Motion (ECF No. 102) should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Telephone:    (913) 371-3838
Facsimile:    (913) 371-4722
E-mail:       ggoheen@mvplaw.com

By:  /s/ Gregory P. Goheen
        GREGORY P. GOHEEN      #16291

Attorneys for Defendants Unified School District No. 237 and
Brock Hutchinson

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Dan Curry
Sarah Brown
Brown & Curry, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
Attorneys for Plaintiff

        /s/ Gregory P. Goheen