# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JANE DOE, and ANGELA HARRISON,  )
                                )
                Plaintiffs,   )
                                )
v.                              )    Case No. 16-2801-JWL-TJJ
                                )
USD No. 237, THE SMITH CENTER   )
SCHOOL DISTRICT, et al.,        )
                                )
                Defendants.   )

## MEMORANDUM AND ORDER

On March 7, 2019, Defendants filed a Motion for Protective Order from Plaintiff's Rule 30(b)(6) Notice (ECF No. 109). The motion is fully briefed. For the reasons discussed below, the Court grants the motion in part and denies it in part.

**I.    Relevant Background**[1]

This case involves allegations that Defendant Brock Hutchinson, while employed as a teacher and coach by Defendant USD No. 237, sexually harassed Plaintiff Jane Doe and other minor female students at Smith Center High School. On February 21, 2019, Plaintiffs filed a Notice Duces Tecum to Take the Deposition of a Designated Agent of Defendant Pursuant to Fed. R. Civ. P. 30(b)(2) and 30(b)(6) [2] ("the Notice"). Defendants argue the topics identified in the Notice go beyond the relevant temporal scope, are duplicative of prior discovery requests, are overly broad, vague, and ambiguous, and as such, Defendants seek an order quashing the Notice. In response, Plaintiffs argue their topics are not overly broad and are proportional to the needs of the case, and therefore, there is no basis to quash the Notice.

---

[1] A more thorough discussion of the background of this case can be found in the Court's April 15, 2019 Memorandum and Order (ECF No. 143).

[2] ECF No. 101.

## II. Legal Standard

Defendants seek a protective order under Fed. R. Civ. P. 26(c), which states the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The order may forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters.[3] "The party seeking the protective order has the burden of demonstrating good cause for it. To establish good cause, the moving party must offer a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. Whether to enter a protective order lies within the court's discretion."[4] Rule 26(c) "does not permit the court to issue such an order to protect a party from having to provide discovery on topics merely because it's argued those topics are overly broad or irrelevant," as irrelevancy and overbreadth objections are "more appropriately addressed in the context of a motion to compel."[5] Additionally, a protective order that would preclude a deposition altogether is rarely granted.[6]

## III. Analysis

### A. Alleged Violation of the Amended Scheduling Order

Defendants first argue Plaintiffs scheduled the deposition without consulting Defendants and thus scheduled it at a time that was not convenient. They say Plaintiffs did not attempt to confer regarding the deposition and instead unilaterally filed the Notice in violation of the

---

[3] Fed. R. Civ. P. 26(c)(1)(D).

[4] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 583 (D. Kan. 2008) (internal citations omitted).

[5] *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *1 (D. Kan. Feb. 19, 2010) (internal citations omitted).

[6] *Id.* (citing *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000) ("Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition.")).

Amended Scheduling Order and court guidelines.[7] They note that Plaintiffs' counsel offered to reschedule the deposition to a mutually agreeable date but refused to withdraw the Notice.[8]

Plaintiffs respond that in addition to offering to reschedule the deposition to a mutually agreeable date, they selected the originally scheduled date merely as a place holder given the relatively brief time remaining until the discovery deadline of April 30, 2019.[9] Thus, they needed to serve the Notice when they did so as to serve it 30 days in advance per Rule 30(b)(6).[10]

The Court finds Defendants have failed to meet their burden as to this point. Plaintiffs have already agreed to reschedule the deposition to a mutually agreeable date and time. They scheduled the deposition merely as a place holder given the time constraints of Rule 30(b)(6). The motion is denied on this point.

### B. Specific Deposition Topics

#### 1. *Temporal Scope, Hutchinson's Relationship with Jane Doe Witness, and Topic Nos. 1–4*

The Court previously ruled on many of the issues discussed in Defendants' motion in its order[11] on Plaintiffs' motion to compel and Defendants' motion for protective order. The Court has ruled that the relevant temporal scope in this case is 2003 to the present.[12] The Court has also ruled that further discovery into Hutchinson's relationship with Jane Doe Witness is relevant, allowing otherwise relevant and proportional discovery on this topic.[13] Therefore, Defendants' motion is denied as to these points.

---

[7] ECF No. 110 at 8–9.

[8] *Id.* at 4.

[9] ECF No. 125 at 2.

[10] *Id.*

[11] ECF No. 143.

[12] *Id.* at 12.

[13] *Id.* at 15.

Topic No. 1 requests the identification of and contents of the complete personnel file of Hutchinson maintained by the School District. The Court compelled production of this in its prior order,[14] so Defendants' motion on this topic is denied.

Topic Nos. 2–3 request the identification of and contents of the complete file on Hutchinson maintained by any School District administrator or any principal. Similarly, the Court previously ruled all of Hutchinson's personnel files, regardless of whether created or maintained by the School District, principal, Athletic Department, or any other administrator are relevant. Thus, these are proper deposition topics. However, in accordance with the Court's prior order, "all documents," or here, "complete files," is overly broad, vague and ambiguous insofar as it requests "all documents and/or records relating to Hutchinson without limitation."[15] Therefore, only "Hutchinson's personnel files (including all nonprivileged phone messages, emails, recordings, notes, memoranda, statements, investigations and communications contained in them), regardless of where and by whom they are maintained," are proper deposition topics.[16]

Similarly, with regard to Topic No. 4, which requests the identification and contents of any document referencing Hutchinson created or maintained by former principal Boeve, "any document" is overly broad. Topic No. 4 shall be limited to Hutchinson's personnel file(s) and any document regarding complaints or reprimands of Hutchison for comments or actions involving students. The motion is otherwise denied as to these topics.

---

[14] ECF No. 143 at 16–19. The Court compelled production of "Hutchinson's personnel files, maintained and/or kept by the superintendent, principal, Athletic Department, or any other administrator or administrative office of the School District, from 2003 forward."

[15] *Id.* at 18.

[16] *Id.* at 18–19.

*2. Topic No. 6*

Topic No. 6 requests the identification and contents of any document referencing Jane Doe Witness[17] and Hutchinson. Defendants argue this is duplicative to Plaintiffs' previous discovery requests and would therefore cause annoyance, oppression and/or undue burden and expense.[18] Plaintiffs argue the topic seeks information about the School District's knowledge of Doe Witness and Hutchinson's relationship, which is relevant to establishing that the School District had actual knowledge of Hutchinson's "proclivities around minor female students."[19]

The Court finds this topic is not overbroad. Although it requests "any document," it is limited by documents referencing two specific people — Doe Witness and Hutchinson. As discussed previously, the Court has already found their prior relationship to be relevant to Plaintiffs' claim.[20] It is unclear what if any documents and responses Defendants have provided at this point regarding the relationship because Defendants argued the relationship was not relevant. Even if Defendants have produced documents and responses, it is not duplicative to seek testimony from the School District representative about the relationship. The motion is denied as to this topic.

*3. Topic Nos. 5 and 7*

Topic No. 5 seeks the identification of and contents of any document referencing Doe Witness created by former principal Boeve. Topic No. 7 seeks the identification of and contents of any document referencing Hutchinson created or maintained by former superintendent Davis.

---

[17] The Court has previously ruled that this witness may proceed under this pseudonym because the events in question took place while she was a minor high school student. *See* ECF No. 100.

[18] ECF No. 110 at 15.

[19] ECF No. 125 at 4.

[20] *See generally* ECF No. 143.

Defendants again argue these are duplicative and overly broad.[21] They further argue as to Topic No. 5 that continued discovery of matters pertaining to Doe Witness is a primary topic in Plaintiffs' motion to compel and Defendants' motion for protective order, and as to Topic No. 7 that discovery beyond the time period during which Plaintiff Doe was a student is also a primary topic in those motions.[22]

The motion is granted as to these topics insofar as they are duplicative of Topic Nos. 1–4 and 6. It is unclear what document referencing Doe Witness created by Principal Boeve would not be included in Topic No. 6's request for any document referencing Doe Witness. It is further unclear what document referencing Hutchinson created or maintained by Superintendent Davis would not be included in the documents requested in Topics 1–4. Plaintiffs simply say Topic Nos. 1–7 are relevant.[23] Because Topic Nos. 5 and 7 appear duplicitous of other topics, the motion is granted on this point.

### 4. Topic Nos. 8–10 and 15–20

These topics request school district policies addressing Title IX, sexual harassment, supervision and retention of Hutchinson, maintenance of employee personnel files, and training provided to School District employees in effect at any point since 2003, Plaintiff Doe's complete file along with the "black notebook" or "black folder" referenced in Principal Koelsch's deposition, and information regarding each investigation conducted resulting from any complaint by Plaintiffs.

To the extent Defendants argue the topics are overbroad in scope in time, the motion is denied. The Court has ruled the relevant timeframe in this case is 2003 to present. To the extent

---

[21] ECF No. 110 at 14–16.

[22] *Id.*

[23] ECF No. 125 at 4.

Defendants argue it is duplicative to ask the School District representative about Principal Koelsh's deposition testimony, the motion is denied. Plaintiffs are entitled to ask the School District representative about the contents of the School District's files on Plaintiff Doe. Plaintiffs are likewise entitled to ask the School District about investigations conducted by the School District resulting from any complaint received by Plaintiffs. Although Defendants argue the documents related to the investigation are subject to attorney-client privilege or work product protection, they fail to articulate why Plaintiffs cannot ask questions about the investigation generally.

To the extent Defendants argue Topic No. 16 is duplicative of Topic No. 8, the motion is granted. These two topics are identical. However, the motion as to all of these topics is denied otherwise. None of these topics are overbroad or otherwise duplicative. The School District's policies regarding sexual harassment and Title IX, limited to the relevant time frame of 2003 to present, go to the heart of Plaintiffs' allegations. Defendants have failed to demonstrate otherwise.

5. *Topic Nos. 11 and 14*

Topic No. 11 seeks each investigation conducted by the School District resulting from any complaint of sexual harassment, discrimination, and/or retaliation from 2003 to present. Topic No. 14 seeks the identity and contents of any investigation file concerning any sexual harassment, misconduct, and or relations in existence since 2003.

Although limited in temporal scope, these topics are not limited in subject matter. Specifically, they are not limited to complaints about Hutchinson. Plaintiffs have not alleged inappropriate behavior by any other teacher besides Hutchinson, and therefore only his conduct is relevant to their claims. Plaintiffs even state in their response the "School District's knowledge

7

*of Coach Hutchinson's* dangerous tendencies is relevant" to their claims.[24] Therefore, the motion is granted as to these topics.

      *6. Topic Nos. 12–13*

Topic No. 12 seeks every investigation resulting from any complaint of sexual harassment, discrimination, and/or retaliation concerning Hutchinson. Topic No. 13 seeks the identity and contents of any investigation file concerning Hutchinson.

The motion is granted insofar as these topics are overbroad in temporal scope. They shall be limited to 2003 to present consistent with the Court's prior order. The motion is also granted insofar as Topic No. 13 is overbroad as to subject matter. It shall be limited to complaints regarding sexual harassment, discrimination, and/or retaliation. The motion is otherwise denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Protective Order from Plaintiff's Rule 30(b)(6) Notice (ECF No. 109) is granted in part and denied in part as discussed herein.

**IT IS SO ORDERED.**

Dated April 26, 2019, at Kansas City, Kansas.

                                                                              */s/ Teresa J. James*
                                                                              Teresa J. James
                                                                              U. S. Magistrate Judge

---

[24] ECF No. 125 at 6 (emphasis added).