IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE and )
ANGELA HARRISON, )
 )
              Plaintiffs, )
 )
  v. )    Case No. 16-2801-JWL
 )
USD 237, the Smith Center School District, )
and BROCK HUTCHINSON, )
 )
             Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

In this matter, plaintiff Jane Doe, a student, and plaintiff Angela Harrison, the student's mother, assert federal and state-law claims against defendant Brock Hutchinson, a teacher at the student's high school, and against the school district. The claims arise generally from plaintiffs' allegations of sexual harassment and retaliation. Plaintiffs moved to compel the production of a report of a May 2016 investigation of plaintiffs' complaints to the school, which an attorney conducted at the behest of the school district. Defendant school district asserted that the report was protected from disclosure by the attorney-client privilege and work-product immunity. By Memorandum and Order of April 30, 2019 (Doc. # 160), after *in camera* review of the report, the magistrate judge granted the motion and ordered that the report be produced. *See Doe v. USD 237*, 2019 WL 1925107 (D. Kan. Apr. 30, 2019) (James, Mag. J.). The magistrate judge ruled that

the report was privileged, but that defendant school district had waived that privilege by asserting the *Faragher-Ellerth* affirmative defense. *See id.* at *4-8. The magistrate judge further ruled that work-product immunity did not apply because defendant had not shown that the report was prepared in anticipation of litigation, and that defendant waived the immunity at any rate by the assertion of the affirmative defense. *See id.* at *8-9.

Defendant school district objects to those rulings (Doc. # 175).[1] For the reasons set forth below, the Court **overrules** defendant's objections to the magistrate judge's order.[2]

## I. <u>Governing Standard</u>

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot*

---

[1] Defendant has titled its motion as a "Motion to Reconsider the Magistrate's Order," but it explicitly seeks relief from the "United States District Court Judge" while invoking Fed. R. Civ. P. 72(a) and D. Kan. R. 72.1.4(a). Accordingly, the Court considers the motion not as one seeking reconsideration by the magistrate judge, but rather as an objection to the order of the magistrate judge under the cited rules.

[2] In this order, "defendant" refers to defendant school district, which asserted the privilege and immunity over the report and which filed the instant objections.

*Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Arguments not made to the magistrate judge are deemed waived and may not be raised for the first time on review. *See McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 n.4 (D. Kan. 2003) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

## II. <u>Work-Product Immunity</u>

The magistrate judge rejected defendant's argument that the report is protected by work-product immunity. Specifically, the magistrate judge ruled that defendant had failed to satisfy its burden to show that the report was prepared in anticipation of litigation. The Court concludes that the magistrate judge did not clearly err in so ruling.

The Federal Rules provide that ordinarily a party may not discover documents prepared in anticipation of litigation by or for another party. *See* Fed. R. Civ. P. 26(b)(3)(A). As defendant concedes, and as courts in this district have consistently held, the applicable test for anticipation has both a causative (subjective) and a reasonableness (objective) component. *See, e.g.*, *Hale v. Emporia State Univ.*, 2018 WL 953110, at *6 (D. Kan. Feb. 20, 2018). The party asserting the immunity bears the burden of establishing that the immunity applies. *See id.* That burden "can be met only by an evidentiary showing based on competent evidence," and it cannot be discharged "by mere conclusory or ipse dixit assertions." *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 658 (D. Kan. 2007) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000)). The magistrate judge concluded that defendant failed to establish either component.

3

First, defendant must establish that the report was actually prepared in anticipation of litigation. In this regard, courts look to "the primary motivating purpose behind the creation of the document;" documents created in the ordinary course of business or for other non-litigation purposes are not protected by the work-product doctrine. *See id.* (quoting *Kannaday v. Ball*, 292 F.R.D. 640, 649 (D. Kan. 2013)). A court generally requires more than mere assertions that documents were created in anticipation of litigation. *See Bunge*, 247 F.R.D. at 658 (D. Kan. 2007) (quoting *Marten v. Yellow Freight Sys., Inc.*, 1998 WL 13244, at *10 (D. Kan. Jan. 6, 1998)). A "blanket claim" that the immunity applies does not satisfy the asserting party's burden of proof. *See id.* (citing *McCoo*, 192 F.R.D. at 680).

Defendant relies on essentially-identical affidavits by several school board members stating that the board received complaints from plaintiffs that it "considered to be threatened litigation [sic];" and that the board requested the investigation, the report was generated, and the board received the report "in anticipation of potential litigation."[3] In her order, the magistrate judge concluded that such affidavits made only a "blanket claim" that the report was prepared in anticipation of litigation, which is not sufficient under the law as set forth above. The magistrate judge did not clearly err in making that ruling, as the affidavits lack any detail about the nature of the supposed threat of litigation and do not

---

[3] For their own evidence, plaintiffs cite the district superintendent's testimony that he was not seeking legal advice in hiring the attorney to conduct the investigation. That evidence is not particularly persuasive, however, as the report might have been prepared in anticipation of litigation whether or not the district was seeking legal advice (and plaintiffs have not challenged the magistrate judge's conclusion that the report does contain legal advice).

4

explain why the board or any of its members considered plaintiffs' complaints to represent such a threat.  In its two briefs in support of its objections to that order, defendant does not argue that the courts of this district should not require more than a mere "blanket" or conclusory claim of anticipation; in fact, defendant does not address this ruling by the magistrate judge at all.  Accordingly, defendant has not met its burden to show that the report was actually created in anticipation of litigation, and therefore the magistrate judge did not clearly err in rejecting defendant's claim of work-product immunity.

The magistrate judge also concluded that defendant failed to establish the objective component of the required showing.  Defendant was required to show that there was a "real and substantial probability that litigation [would] occur at the time the document[] was created."  *See Hale*, 2018 WL 953110, at *6 (quoting *Buehler v. Family Dollar, Inc.*, 2018 WL 296016, at *2 (D. Kan. Jan. 4, 2018)).  The threat of litigation must be "real" and "imminent".  *See id.* (citing *Kannaday*, 292 F.R.D. at 648-49)); *Bunge*, 247 F.R.D. at 658 (quoting *Marten*, 1998 WL 13244, at *10).  "The inchoate possibility, or even the likely chance of litigation, does not give rise to work product."  *See id.* (quoting *Marten*, 1998 WL 13244, at *10).

In attempting to meet its burden with respect to this objective component, defendant relies on the fact that plaintiff Harrison copied (cc:-ed) an attorney friend, with whom she had discussed the relevant incidents, on her written complaints to the school board in May 2016.  Defendant also cites the nature of the incidents about which plaintiffs were complaining.  Finally, defendant argues that the facts that the report did not refer to any

threat of litigation and that plaintiffs did not file suit for another seven months – which facts the magistrate judge cited in her order – are not dispositive of this issue.

The Court concludes, however, that the magistrate judge did not clearly err in ruling that defendant failed to satisfy its burden to show that any threat of litigation was real and imminent. The facts cited by the magistrate judge may not be dispositive, but they do undermine defendant's own evidence. Moreover, defendant's evidence is not strong. Defendant has cited only plaintiff's testimony that she copied the attorney on her correspondence to the board in the hope that the complaints might be taken more seriously. She also testified, however, that it was not clear that her attorney friend was representing her at that time. In addition, the fact that plaintiffs copied the attorney would not necessarily mean that litigation was more than a mere possibility, as such an act could reasonably be interpreted to mean that plaintiffs had sought legal advice about how best to discuss their complaints with the school administration.

Finally, defendant argues that the very nature of the incidents about which plaintiffs complained gave rise to a reasonable belief that litigation was imminent. The applicable caselaw, however, forecloses such an argument: "Because litigation can, in a sense, be foreseen from the time of occurrence of almost any incident, courts have interpreted the Rule to require a higher level of anticipation in order to give a reasonable scope to the immunity." *See Marten*, 1998 WL 13244, at *10 (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962, at *8 (D. Kan. Oct. 5, 1995)), *quoted in Kosjer v. Coffeyville Resources Crude Transportation, LLC*, 2018 WL 1151515, at *1 (D. Kan. Mar. 5, 2018). Moreover, this argument by defendant cannot really be evaluated

6

because defendant did not provide the written complaint itself either to the magistrate judge for consideration with the motion to compel or to the Court for consideration with the present objections. Thus, there is no basis for a ruling that it was reasonable for the school board to anticipate litigation from the very nature of the complaints. Accordingly, the magistrate judge did not clearly err in rejecting defendant's claim of work-product immunity on the basis that defendant did not satisfy its burden with respect to either component of the test for anticipation of litigation.[4]

### III. Waiver of Attorney-Client Privilege

Defendant also asserted the attorney-client privilege in objecting to production of the report to plaintiffs. The magistrate judge concluded that the privilege does apply to the report, and plaintiffs have not challenged that ruling.

The magistrate judge, however, did agree with plaintiffs that defendant waived the privilege as it applied to the report by asserting the so-called *Faragher-Ellerth* defense as an affirmative defense to plaintiffs' claims. *See Faragher v. Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). In that affirmative defense, which mirrors language from the Supreme Court in *Faragher*, defendant asserted that it "exercised reasonable care to prevent and correct promptly any harassing behavior including retaliation," and that "plaintiffs unreasonably failed to take advantage of any

---

[4] In light of this ruling, the Court need not address the magistrate judge's alternative ruling that defendant waived any work-product immunity.

preventive or corrective opportunities provided by defendant or to avoid harm otherwise."[5]
The magistrate judge ruled that by asserting the *Faragher* defense based on actions taken by defendant as a result of the investigation, defendant put the investigation at issue and therefore waived the privilege.

The magistrate judge's ruling is supported by the applicable caselaw, as courts have consistently held that a party that asserts the *Faragher* defense waives the privilege with respect to documents concerning the party's investigation of the plaintiff's complaints. *See, e.g.*, *Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 312, 317-19 (N.D. Ill. 2010) (citing cases). Defendant has not addressed this weight of authority in its briefs in support of its objections.

In addition, as discussed by the magistrate judge, courts in this district have adopted a test for at-issue waiver that was first applied in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). *See, e.g.*, *Leftwich v. City of Pittsburg, Kan.*, 2017 WL 1338838, at *3 (D. Kan. Apr. 12, 2017) (citing *Hearn*). As this Court has noted, that test requires that three conditions exist for a finding of waiver:

> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to its defense.

---

[5] Plaintiffs appear to argue that defendant waived any privilege also by generally defending against plaintiffs' claim that defendant was deliberately indifferent to plaintiffs' complaints, but they cite only an interrogatory answer to support that argument. In that answer, defendant merely stated that it requested an investigation in response to plaintiffs' complaints; it did not assert that it relied on the investigation or any resulting corrective acts as a defense against plaintiffs' affirmative claims.

8

*See Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1104 (D. Kan. 2006) (Lungstrum, J.) (quoting *Frontier Ref'g, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 701 (10th Cir. 1998)). On at least one occasion, a court in this district has applied the *Hearn* test to find an at-issue waiver based on the assertion of the *Faragher* defense. *See Rahn v. Junction City Foundry, Inc.*, 2000 WL 1679419, at *2 (D. Kan. Nov. 3, 2000).

While acknowledging that courts in this district have consistently applied the *Hearn* test, defendant suggests that the Court should apply a stricter test for at-issue waiver. This Court has previously stated its belief, however, that the Tenth Circuit would adopt *Hearn*'s intermediate approach, *see Williams*, 464 F. Supp. 2d at 1104, and since that time the Tenth Circuit has applied the *Hearn* test in applying Oklahoma privilege law, *see Seneca Ins. Co. v. Western Claims, Inc.*, 774 F.3d 1272, 1276 (10th Cir. 2014). Defendant has not analyzed the potential alternative tests or explained why the Tenth Circuit would likely favor such a test over the *Hearn* test. Accordingly, the Court concludes that the *Hearn* test is appropriately applied in this case.[6]

The *Hearn* test for at-issue waiver has been met here. As courts have consistently held (as noted above), a party puts its investigation at issue by asserting the *Faragher* defense based on that investigation. *See, e.g.*, *Rahn*, 2000 WL 1679419, at *2. Moreover, assertion of the privilege would deny plaintiffs access to information vital to their ability to counter defendant's *Faragher* defense. *See Frontier*, 136 F.3d at 701 (requirement that

---

[6] It is not clear that the result would change even if the Court applied a stricter test requiring that defendant put the attorney's advice at issue in the litigation, as defendant essentially put the report at issue here by its reliance on the investigation and resulting corrective acts for purposes of the *Faragher* defense.

9

the information be "vital" implies that the information is not available from other sources). As courts have pointed out, if a defendant relies on the reasonableness of its response to the plaintiff's allegations, the adequacy of the defendant's investigation becomes critical, and the plaintiff (and jury) can only determine the reasonableness of that investigation through full disclosure of the contents of that investigation. *See, e.g.*, *Musa-Muaremi*, 270 F.R.D. at 319 (quoting *Brownell v. Roadway Package Sys., Inc.*, 185 F.R.D. 19, 25 (N.D.N.Y. 1999)). Defendant argues that plaintiffs already have access to the witnesses whose interviews were described in the report, but such access is not sufficient – the reasonableness of defendant's process is at issue, and only the report can tell plaintiffs the scope of the investigation, including which questions the investigator asked of which witnesses.

In its briefs to the magistrate judge and to this Court, defendant cited three cases in which courts did not find a waiver of the privilege despite the assertion of the *Faragher* affirmative defense. *See Robinson v. Vineyard Vines, LLC*, 2016 WL 845283 (S.D.N.Y. Mar. 4, 2016); *Mendez v. Saint Alphonsus Reg. Med. Ctr., Inc.*, 2014 WL 3406015 (D. Idaho July 10, 2014); *Crutcher-Sanchez v. County of Dakota, Neb.*, 2011 WL 612061 (D. Neb. Feb. 10, 2011). Before the magistrate judge, defendant cited these cases in part to dispute the general rule that the assertion of the *Faragher* defense results in a waiver. In each case, however, the court recognized that rule, although it then found that the waiver did not extend to cover an investigation that the defendant was not relying on for the defense. *See Robinson*, 2016 WL 845283, at *4-5; *Mendez*, 2014 WL 3406015, at *4; *Crutcher-Sanchez*, 2011 WL 612061, at *9-10. Moreover, the magistrate judge properly

distinguished those three cases on the basis that here defendant relies on acts informed by an investigation that occurred while plaintiff Doe was still a student. In again citing those three cases in its briefs to this Court, defendant declined to address that reasoning by the magistrate judge.

Defendant's main argument is that although it may rely for the *Faragher* defense on corrective actions that it took in 2016 after the investigation, it does not rely on the investigation itself, which is distinct from the actions. Defendant has not cited any cases, however, in which a court made such a distinction when the actions resulted from the investigation. Defendant does not dispute that its corrective actions after the 2016 investigation resulted from the investigation. Therefore, contrary to defendant's argument, the adequacy of that investigation *has* been placed at issue, because the reasonableness of the resulting actions cannot be determined otherwise.

Defendant argues that the mere assertion of the *Faragher* defense does not automatically result in a waiver because the defense could be based on acts other than those related to the privileged material (as in the three distinguished cases). The Court agrees with defendant that any reliance on actions taken prior to the investigation and the report would not result in a waiver with respect to the report. Defendant does not stop there, however, but goes on to argue that it may also rely on its post-report actions without waiving the privilege. Defendant's only argument with respect to those actions is that they were successful (there were no further complaints from plaintiffs), which means that the adequacy of the investigation is not relevant. That is a separate defense, however – namely, that defendant was not deliberately indifferent because there were no further problems with

11

this teacher. Regardless of how successful the actions proved, if defendant relies on those post-investigation actions for purposes of its *Faragher* defense, the adequacy of that investigation has necessarily been put at issue, and defendant has waived the privilege with respect to the contents of that investigation. Significantly, defendant has not amended its answer to withdraw or limit its *Faragher* defense, nor has it disavowed any application of that defense to its post-investigation actions in 2016, even after the magistrate judge's ruling. Accordingly, defendant must be considered still to be relying on those actions for purposes of its affirmative defense, and the assertion of that defense results in a waiver of the privilege with respect to the report at issue. The magistrate judge did not clearly err in so ruling, and the Court overrules defendant's objections to that ruling.

Defendant makes two alternative requests, in the event that its objections are overruled. Defendant requests that the report should be produced "in a redacted form and limited to attorneys' eyes only to minimize the prejudice to Defendant of having the mental impressions and work product of its counsel being revealed to the opposing parties in this litigation." The Court denies this request. Because there is no work-product immunity and the attorney-client privilege has been waived, those doctrines do not provide any basis for withholding (by redaction) any portion of the report, and defendant has not cited any other possible legal basis for redaction. In addition, in conclusorily requesting that the report be limited to attorneys' eyes only, defendant has not explained why the protective order presently in effect is not sufficient to maintain the confidentiality of the document.

Defendant also requests "that it be afforded the option of limiting or withdrawing the affirmative defense in lieu of producing the document and thereby waiving the attorney

12

client privilege." As noted above, defendant has not yet sought to amend its answer or otherwise to limit the application of its *Faragher* defense. If defendant now wishes to withdraw or limit the defense, it should file a motion for leave to amend its answer to that effect, in which defendant should explain why its limitation or withdrawal means that the privilege should not be deemed waived with respect to the report. In filing such a motion, defendant should also address, as supplemental briefing, whether the report contains any matter not covered by the attorney-client privilege, which portions would then be produced to plaintiffs whether or not the waiver still applies.[7] Finally, in any such motion defendant should also address the extent to which the privilege could again be waived if defendant at trial were to rely on its investigation or its actions based on the investigation in defending against plaintiffs' affirmative claim that defendant acted with deliberate indifference. On or before **July 5, 2019**, defendant must either produce the report to plaintiffs in unredacted form or file a motion as just described.[8]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant school district's objections to the Magistrate Judge's Memorandum and Order of April 30, 2019, are hereby **overruled**. By **July 5, 2019**, defendant shall produce the report at issue to plaintiff or file a motion as described herein.

---

[7] Because she concluded that any privilege had been waived, the magistrate judge had no occasion to determine whether there were any portions of the report not covered by the privilege.

[8] That deadline supersedes the magistrate judge's deadline for production of the report after a ruling by the undersigned.

IT IS SO ORDERED.

Dated this 26th day of June, 2019, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge